## JOHNSON v. VIRGINIA.

No. 715.   Decided April 29, 1963.

*Roland D. Ealey* and *Herman T. Benn* for petitioner.

*Reno S. Harp III,* Assistant Attorney General of Virginia, for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted, the judgment of the Supreme Court of Appeals of Virginia is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

The petitioner, Ford T. Johnson, Jr., was convicted of contempt of the Traffic Court of the City of Richmond, Virginia, and appealed his conviction to the Hustings Court, where he was tried without a jury and again convicted. The Supreme Court of Appeals of Virginia refused to grant a writ of error on the ground that the judgment appealed from was "plainly right," but the Chief Justice of that court stayed execution of the judgment pending disposition of this petition for certiorari.

The evidence at petitioner's trial in the Hustings Court is summarized in an approved statement of facts. According to this statement, the witnesses for the State testified as follows: The petitioner, a Negro, was seated in the Traffic Court in a section reserved for whites, and

when requested to move by the bailiff, refused to do so. The judge then summoned the petitioner to the bench and instructed him to be seated in the right-hand section of the courtroom, the section reserved for Negroes. The petitioner moved back in front of the counsel table and remained standing with his arms folded, stating that he preferred standing and indicating that he would not comply with the judge's order. Upon refusal to obey the judge's further direction to be seated, the petitioner was arrested for contempt. At no time did he behave in a boisterous or abusive manner, and there was no disorder in the courtroom. The State, in its Brief in Opposition filed in this Court, concedes that in the section of the Richmond Traffic Court reserved for spectators, seating space "is assigned on the basis of racial designation, the seats on one side of the aisle being for use of Negro citizens and the seats on the other side being for the use of white citizens."

It is clear from the totality of circumstances, and particularly the fact that the petitioner was peaceably seated in the section reserved for whites before being summoned to the bench, that the arrest and conviction rested entirely on the refusal to comply with the segregated seating requirements imposed in this particular courtroom. Such a conviction cannot stand, for it is no longer open to question that a State may not constitutionally require segregation of public facilities. See, e. g., Brown v. Board of. Education, 347 U. S. 483; Mayor and City Council of Baltimore v. Dawson, 350 U. S. 877; Turner v. Memphis, 369 U. S. 350. State-compelled segregation in a court of justice is a manifest violation of the State's duty to deny no one the equal protection of its laws.

*Reversed and remanded.*