Joseph A. **BOLDEN**, Jr., Appellant,

v.

Paul F. **PEGELOW**, Superintendent, Reformatory Division, District of Columbia Department of Corrections, K. A. Weakley, Assistant Superintendent, Reformatory Division, District of Columbia Department of Corrections, and L. Parker, Reformatory Division, District of Columbia Department of Corrections, Appellees.

**No. 9071.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 13, 1964.

Decided March 6, 1964.

Ronald P. Sokol, Charlottesville, Va. (court-assigned counsel) for appellant.

Richard W. Barton, Asst. Corp. Counsel, District of Columbia (Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, District of Columbia, on brief), for appellees.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

The appellant unsuccessfully sought an injunction against the practice of racial discrimination in the barber shops at Lorton Reformatory. The District Court found "that colored inmates are taken to the barber shop staffed by colored barbers and that white inmates are taken to the barber shop staffed by white barbers."

At the hearing of the appeal counsel for the appellee officials stated in their behalf that they had made plans for consolidated and more adequate barber shop facilities for the inmates, and that they intended in the new facilities to make no distinctions on the basis of race, but that each inmate, white or Negro, would have his regular turn, taking the next available chair whether manned by a white or Negro barber. The necessary appropriation for the new facilities has been requested by these officials.

██ Under the findings of the District Court the injunction prayed should be granted. In a series of decisions since Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), the unconstitutionality of racial classifications under various circumstances has been adjudicated. "[I]t is no longer open to question that a State may not constitutionally require segregation of public facilities." Johnson v. Virginia, 373 U.S. 61, 62, 83 S.Ct. 1053, 1054, 10 L. Ed.2d 195 (1963). "The sufficiency of Negro facilities is beside the point; it is the segregation by race that is unconstitutional." Watson v. Memphis, 373 U.S. 526, 538, 83 S.Ct. 1314, 1321, 10 L. Ed.2d 529 (1963). "[I]t would be unthinkable that the same Constitution would impose a lesser duty on the Federal Government." Bolling v. Sharpe, 347 U.S. 497, 500, 74 S.Ct. 693, 695, 98 L.Ed. 884 (1954).

While it is not explicitly claimed that desegregation could not be effected in the existing facilities, we think it reasonable in the circumstances to postpone the effectiveness of the injunction until August 1, 1964, by which time the new facilities are expected to become available.

Reversed and remanded for the entry of an appropriate decree consistent with the views herein expressed.