Jean Carolyn YOUNGBLOOD et al.,
Plaintiffs,

v.

BOARD OF PUBLIC INSTRUCTION OF
BAY COUNTY, FLA., et al.,
Defendants.

Civ. A. No. 572.

United States District Court
N. D. Florida,
Marianna Division.

May 28, 1964.

Charles F. Wilson, Pensacola, Fla., Constance Baker Motley, New York City, for plaintiffs.

Davenport, Johnston, Harris & Urquhart, Logue & Bennett, Panama City, Fla., for defendants.

CARSWELL, Chief Judge.

This cause came on to be heard pursuant to notice on motion of plaintiffs for summary judgment, and counsel for the respective parties were present and heard.

This class action was brought by minor children of the Negro race through their parents seeking, basically, in their own behalf and for others of the Negro race, establishment and enforcement of reasonable procedures by the Board of Public Instruction of Bay County, Florida, for their applications to attend schools under the jurisdiction of the subject Board to be considered and assignments made without regard to race in accordance with Brown v. Board of Education of Topeka et al., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1953), and subsequent cases.

Plaintiffs base this motion for summary judgment upon the defendants' answer to the complaint and upon defendants' answers to certain interrogatories which show that the standards employed by the Board in acting upon applications for admission to schools under jurisdiction for the first time and in assignment to schools by promotion are "set forth in the Florida Pupil Assignment Law, F.S. 230.232, 1963, including the child's race." (Defendants' answer to interrogatories 3a–f, inclusive.)

This Court concludes that this admitted fact, in addition to a plain showing that there have been no assignments to the subject schools without regard to factors of race or color entitles plaintiffs to summary judgment on that portion of its prayer requiring the Board to submit for the consideration of this Court "a plan whereby the plaintiffs and the members of the class represented by them are hereafter afforded a reasonable and conscious opportunity to apply for admission to any schools for which they are eligible without regard to their race or color, and to have that choice fairly considered by the enrolling authorities." See Gibson v. Board of Public Instruction of Dade County, Florida, 272 F.2d 763, 767 (5th Cir., 1959). The defendants urge that there is no showing that pupils are assigned to schools *solely* on basis of race or color, that its procedures with reference to applications and assignments merely use race as one indicia. The Board cites as authority for its contention here that this motion for summary judgment should be denied on these grounds the case of Stell et al. v. Savannah-Chatham County Board of Education et al., 220 F.Supp. 667 (S.D. Ga.1963), currently pending on appeal before the Fifth Circuit. Considerable testimony was received in the Stell case on the contentions asserted by the defendant Board here to the effect that there is a reasonable factual basis for concluding that children receive a better education when they attend schools with pupils of their own race. The defendant Board here is plainly correct in contending that that is the holding of the Stell case, which made such findings of fact and concluded that the class action, similar, if not identical to the one before this Court, should be dismissed accordingly.

This Court concludes that Stell, supra, is not in accord with the requirements of the United States Court of Appeals, Fifth Circuit, opinions in Gibson v. Board of Public Instruction, Dade County, Florida, et al., supra; Mannings et al., v. Board of Public Instruction of Hillsborough County, Florida, et al., 5 Cir., 277 F.2d 370 (1960); Augustus v. Board of Public Instruction of Escambia County, Florida, et al., 5 Cir., 306 F.2d 862 (1962). Nor is the defendant

Board's contention here in accord with the holding of this Court in Augustus v. Board of Public Instruction of Escambia County, Florida, et al., 185 F.Supp. 450 (N.D.Fla., 1960), or in the unreported case of Steele v. Board of Public Instruction of Leon County, Florida, et al., Tallahassee Civil Action No. 854 (1963). See also Brown v. School District Number 20, Charleston, S. C., D.C.S.C., 226 F.Supp. 819, affirmed per curiam by the Fourth Circuit in 328 F.2d 618.

 In opposition to plaintiffs' motion for summary judgment, defendants have proffered a considerable volume of statistics, and a number of analyses, tending to establish, basically, that there are inherent racial differences in intelligence, in aptitude, and in rate of intellectual attainment at various ages, all of which, it is urged, justifies the use of a racial index as one criteria in making assignment of pupils to specific schools. Without assessing or weighing this data, this contention simply ignores the plain requirement that individual pupils must be assigned to a school without regard to racial consideration. To be sure, there is no Constitutional prohibition against assignment of individual students to particular schools on a basis of intelligence, rate of achievement, or aptitude upon a uniformly administered program so long as race itself is removed as a factor in making individual assignments. By the same token, any plan which does embody a universal testing basis for assignment may not be administered in a manner which would defeat the essential requirement that factors of race are not to be considered.

This Court concludes, therefore, that the factual data proffered by defendant is totally irrelevant to the issues raised on this plaintiff's motion for summary judgment. The determination of this motion, therefore, rests upon defendants' answer to the complaint, its answers to interrogatories and a plain showing that there have been no assignments to the subject schools without regard to racial factors.

With respect to plaintiffs' prayer for establishment of a plan for receiving applications and assigning children to the public schools under the Board's jurisdiction without regard to race or color, plaintiffs are entitled to summary judgment under the provisions of Rule 56, Federal Rules of Civil Procedure, since there is no genuine issue as to any material fact in this regard and the moving party is entitled to judgment as a matter of law.

Minimal requirements of any plan to be approved by this Court must be at least the equivalent of, although not necessarily identical to, plans previously approved by this Court in Augustus v. Board of Public Instruction of Escambia County, Florida, et al., supra, and Steele v. Board of Public Instruction of Leon County, Florida, et al., supra, and such plan shall be made operative by the beginning of the 1964–1965 school year.

It is, therefore, upon consideration, hereby

Ordered:

1. Partial summary judgment is hereby granted plaintiffs as herein provided:

(a) The Board of Public Instruction of Bay County, Florida may submit for the consideration of this Court "a plan whereby the plaintiffs and members of the class represented by them are hereafter afforded a reasonable and conscious opportunity to apply for admission to any schools for which they are eligible without regard to their race or color and to have their choice fairly considered by enrolling authorities," on or before June 30, 1964, with copies thereof being served by mail upon opposing counsel.

(b) Hearing on the proposed plan, if filed, and objections thereto, if any, is hereby set for 11:00 A. M., Eastern Standard Time, Wednesday, July 8, 1964, Federal Courtroom, Tallahassee, Florida.

In the event no proposed plan is filed by the Board on or before June 30, 1964, as provided above, then hearing will be held at 11:00 A. M., Eastern Standard Time, Wednesday, July 8, 1964, Federal Courtroom, Tallahassee, Florida, for con-

sideration of such plan or directive as the Court deems in accordance with law.

(c) The Court reserves ruling with reference to all issues raised by the complaint and answer concerning teachers, administrative personnel, school system, etc., in accordance with Augustus v. Board of Public Instruction of Escambia County, Florida, et al., 306 F.2d 862 (5th Cir., 1962), and retains jurisdiction for the entry of such further orders and decrees as deemed proper and according to the law.