357 F.2d 653
 JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Appellants,
v.
Darrell Kenyatta EVERS et al., Appellees.
BILOXI MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Appellants,
v.
Gilbert R. MASON, Jr., et al., Appellees.
LEAKE COUNTY SCHOOL BOARD et al., Appellants,
v.
Dian HUDSON et al., Appellees.
 Nos. 21851-52.
 No. 21878.
 United States Court of Appeals Fifth Circuit.
 January 26, 1966.
 Certiorari Denied May 14, 1966.
 
 See 86 S.Ct. 1586.
 James Edwin Smith, Carthage, Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., Harold W. Davidson, Carthage Miss., for appellants Leake County Schl. Bd. and others.
 Thomas H. Watkins, Jackson, Miss., Victor B. Pringle, Biloxi, Miss., Dugas Shands, Asst. Atty. Gen., Jackson, Miss., for appellants Biloxi Municipal Separate School Dist. and others.
 R. Carter Pittman, Dalton, Ga., Robert C. Cannada, Thomas H. Watkins, E. W. Stennett, Dan H. Shell, Jackson, Miss., George S. Leonard, Washington, D. C., Dugas Shands, Asst. Atty. Gen., Joe T. Patterson, Atty. Gen., of Mississippi, Jackson, Miss., for appellants Jackson Municipal Separate School Dist. and others, attorneys for appellants in No. 21851, Dan H. Shell, Jackson, Miss., attorney for intervenors in No. 21851.
 R. Jess Brown, Jack H. Young, Jackson, Miss., Derrick A. Bell, Jr., Jack Greenberg, Constance Baker Motley, New York City, for appellees in all actions.
 Before WHITAKER, Senior Judge,* and WISDOM and THORNBERRY, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 These cases tax the patience of the Court.
 
 
 2
 More than ten years have passed since Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. Decisions too numerous to mention in this Court and in the Supreme Court show unyielding judicial approval of the legal principle that segregated schooling is inherently unequal. The principle extends beyond public schools. It is "no longer open to question that a State may not constitutionally require segregation of public facilities." Johnson v. State of Virginia, 1964, 373 U.S. 61, 83 S.Ct. 1053, 10 L.Ed.2d 195.
 
 
 3
 Yet at this late date, bewitched and bewildered by the popular myth[1] that Brown was decided for sociological reasons untested in a trial, the defendants and intervenors attempt to overturn Brown on a factual showing. They assert that innate differences in the races in their aptitude for educability are a reasonable basis for classifying children by race, demonstrate that separate schools for Negro children are to the advantage of both races, and justify continued school segregation in Mississippi. We rejected this identical contention on an interlocutory appeal in Stell v. Savannah-Chatham County Board of Education, 5 Cir. 1963, 318 F.2d 425, less than two weeks after the court below had sustained the contention. Even before Stell, in St. Helena Parish School Board v. Hall, 5 Cir. 1961, 287 F.2d 376, we held that a trial judge abused his discretion in permitting an intervention by persons whose sole purpose was to introduce evidence tending to show that the Supreme Court's decision in Brown was wrong.
 
 
 4
 When Stell was before us a second time, we said, 333 F.2d 55 at 61:
 
 
 5
 "[T]he District Court was bound by the decision of the Supreme Court in Brown. We reiterate that no inferior federal court may refrain from acting as required by that decision even if such a court should conclude that the Supreme Court erred either as to its facts or as to the law. * * Thus was the Savannah case ended then, and there it must end now. We do not read the major premise of the decision of the Supreme Court in the first Brown case as being limited to the facts of the cases there presented. We read it as proscribing segregation in the public education process on the stated ground that separate but equal schools for the races were inherently unequal. This being our interpretation of the teaching of that decision, it follows that it would be entirely inappropriate for it to be rejected or obviated by this court. See Brown v. School District No. 20, Charleston, E.D.S.C., 1964, 226 F.Supp. 819, affirmed, 4 Cir., 1964, 328 F.2d 618 [Cert. denied 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 351; Youngblood v. Board of Public Instruction of Bay County, N.D.Fla., 1964, 230 F.Supp. 74; and see also our opinion this date rendered in Armstrong v. Board of Education of City of Birmingham, 5 Cir., 333 F.2d 47."
 
 
 6
 The intervenors in Stell sought review of this Court's decision by the Supreme Court and failed, even though their petition for a writ of certiorari (No. 512, October Term, 1964) was supported by Amicus Curiae Statements from the Attorneys General of Alabama, Arkansas, Louisiana, Mississippi, North Carolina, South Carolina and Virginia. Roberts v. Stell, 1964, 379 U.S. 933, 85 S.Ct. 332, 13 L.Ed.2d 344. The Supreme Court had earlier refused to review Brown v. School District No. 20, Charleston, E.D.S.C. 1963, 226 F.Supp. 819, aff'd 4 Cir. 1964, 328 F.2d 618, presenting the same question raised in Stell. Allen v. Brown, 1964, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed.2d 35.
 
 
 7
 The trial judge wrote an elaborate opinion in which he made detailed findings in favor of the School Boards and the intervenors, but entered an order "contrary to the facts and the law applicable thereto" because he felt "bound by the decision of this Court in Stell". We dismiss the appeal, and affirm the order of injunctive relief with instructions that the order be modified to comply with Singleton v. Jackson Municipal Separate School District, 5 Cir. 1965, 348 F.2d 729; Singleton et al v. Jackson Municipal Separate School District, 5 Cir., 355 F.2d 865, decided this day; and Rogers v. Paul, United States Supreme Court, Dec. 6, 1965, 86 S.Ct. 358. Costs shall be awarded to the plaintiffs.
 
 
 8
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 Of the U. S. Court of Claims, sitting by designation
 
 
 [1]
 See Cahn, A Dangerous Myth in the School Segregation Cases, 30 N.Y.U.L. Rev. 150 (1955)