Caliph WASHINGTON, Hosea L. Williams, Julia Allen, individually and as mother and next friend of Willie Allen, a minor, Willie Allen, Agnes Beavers, individually and as mother and next friend of Cecil McCargo, Jr., a minor, Cecil McCargo, Jr., Johnnie Coleman, and Thomas E. Houck, Jr., for themselves, jointly and severally, and for all others similarly situated, Plaintiffs,

v.

Frank LEE as Commissioner of Corrections of Alabama, John F. Britton, Charlie Cashion, Herschell Luttrell, Dr. Max McLaughlin and William Mitch, as members of the Board of Corrections of Alabama, A. Melvin Bailey, as Sheriff of Jefferson County, Alabama and all other sheriffs of Alabama, jointly and severally, who are similarly situated, Robert K. Austin as Warden of the City Jail of Birmingham, Alabama, and all other wardens and jailers of city and town jails of Alabama, jointly and severally, who are similarly situated, Defendants.

Civ. A. No. 2350-N.

United States District Court
M. D. Alabama, N. D.
Dec. 12, 1966.

Charles Morgan, Jr., Atlanta, Ga., Orzell Billingsley, Jr., Birmingham, Ala., Melvin L. Wulf, New York City, and M. Laughlin McDonald, Atlanta, Ga., for plaintiffs.

Richmond M. Flowers, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant, Board of Corrections.

Frank Dominick and Walter Fletcher, Dominick, Fletcher & Yeilding, Birmingham, Ala., for defendant, Bailey.

J. M. Breckenridge and Earl McBee, Birmingham, Ala., for defendant, Austin.

Before RIVES, Circuit Judge, and LYNNE and JOHNSON, District Judges.

JOHNSON, District Judge:

## ORDER

This is an action for declaratory and injunctive relief instituted by one white and five Negro citizens on their own behalf and on behalf of other persons similarly situated, pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure. The plaintiffs seek a declaration concerning the rights of Negro citizens, male and female, not to be segregated, classified, designated, or otherwise subjected to racial distinctions in confinement in the state penal system and in the county, city and town jails of the State of Alabama. Further, plaintiffs assert that various statutes enacted by

the Legislature of the State of Alabama, requiring segregation by race in the state, county and city penal facilities, are unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the Constitution of the United States. Plaintiffs ask that said statutes be declared unconstitutional and that the defendants be enjoined from requiring segregation by race in any of the state, county and city penal institutions in the State of Alabama.

Of the Negro plaintiffs, Caliph Washington is confined in the Jefferson County Jail, Jefferson County, Alabama, awaiting retrial on a capital charge; Johnnie Coleman, Willie Allen and Cecil McCargo, Jr., are confined in state penal institutions, and prior to their present incarceration had been confined under racially segregated circumstances in either city, town or county jails in Alabama; and Hosea L. Williams and Thomas E. Houck, Jr., were incarcerated in the Birmingham City Jail at the time this case was instituted.

The defendant Frank Lee is Commissioner of the Board of Corrections of the State of Alabama and as such is invested with the authority and charged with the duty of serving as the chief administrative officer of the Alabama Board of Corrections. Title 45, § 10(5), Code of Alabama, Recompiled 1958. The defendant A. Melvin Bailey is the duly elected and qualified sheriff of Jefferson County, Alabama, and as such has the legal custody and charge of the Jefferson County Jail and all prisoners committed thereto. Title 45, § 115, Code of Alabama, Recompiled 1958. The defendant Robert K. Austin is warden of the City Jail of Birmingham, Alabama, and in this capacity has the custodial duty and authority over prisoners in that jail. The defend-

ants Bailey and Austin are sued individually and as representatives of all county sheriffs of Alabama and of all wardens and jailers of the city and town jails of Alabama.[1]

**I.**

As noted in the complaint filed with the Clerk of this Court on February 18, 1966, plaintiffs Williams and Houck allege that they were then incarcerated in the City Jail of Birmingham, Alabama. It now appears, however, that the charges against Houck have been nol prossed and that Williams has entered a plea of guilty to the charges against him and has paid the fine imposed upon said plea. For these reasons, the defendants Austin and Bailey contend that plaintiffs have no standing to challenge any of the statutes or practices requiring segregation or relating to the segregation by race of the penal facilities of the City of Birmingham or Jefferson County. In Singleton v. Board of Commissioners, 356 F.2d 771 (5th Cir. 1966), this same issue was raised in that the plaintiff had completed the actual service of his sentence. In *Singleton,* the Court set forth the general principle applicable in such instances:

> The general standing requirement in cases involving governmental segregation is that the plaintiffs must show past use of the facilities, where feasible, and a right to, or a reasonable possibility of future use.

There is no question but that the evidence in this case reflects a "past use" of the penal facilities of the City of Birmingham and Jefferson County by some of these plaintiffs. As to that part of the general rule stated in Singleton concerning the "reasonable possibility of future use," this Court does not conceive that it is necessary that plaintiffs show an intention to violate the laws of the State of Alabama or the City of Birmingham in

---

1. In the complaint as originally filed, plaintiffs also named as defendants the individual members of the Board of Corrections of Alabama and asked that said defendants be enjoined from excluding Negroes from employment, or otherwise discriminating against Negroes in their efforts to secure employment with the Alabama prison authorities. Upon a pretrial hearing of this cause, and by agreement of counsel, this phase of the lawsuit was stricken.

such a manner that would subject one or more of them in the future to imprisonment in these locations. Mitchell v. United States, 313 U.S. 80, 61 S.Ct. 873, 85 L. Ed. 1201. Under the circumstances reflected by the evidence in this case, all that it is necessary for the plaintiffs to show on this particular point, in order to challenge the statutes and practices concerning segregation of the races in the penal facilities in the Birmingham City Jail and the Jefferson County Jail is that the operation of these institutions, as that operation presently exists, "permit[s] the recurrence of comparable violations." Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302. In this regard, the Supreme Court of the United States in Barrows v. Jackson, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586, observed that the rule against relying on the constitutional rights of another (who may be in this case presently imprisoned in either the penal facility of the City of Birmingham or of Jefferson County), is not part of the constitutional requirement of standing, but is a rule of self-restraint which the court has developed for its own governance, and, for that reason, is a mere rule of practice not to be applied where it would be difficult, if not impossible, for the persons whose rights are asserted to present their grievance to a court of competent jurisdiction.[2] See also Ferguson v. Buchanan, No. 64-107-CIV–CF, So. Dist. Fla., March 12, 1965, where the criminal prosecution against the plaintiff, who was seeking to enjoin the sheriff of Dade County, Florida, from maintaining segregated facilities in the jails of Dade County, was nol prossed before the case was submitted to the district court. That court, nevertheless, found the Florida statutes that required segregation in county jails on the basis of race unconstitutional, and enjoined the defendants from operating or maintaining jails in a manner

requiring segregation of the races. For these reasons, it is evident that the contention on the part of defendants Austin and Bailey that these plaintiffs do not have standing to challenge the statutes and practices requiring segregation of the races in the penal facilities of the City of Birmingham and Jefferson County is not well taken.

## II.

■ As to the contention of the defendants Austin and Bailey that they are not representative defendants of other wardens, jailers and sheriffs in the State of Alabama and, therefore, that these plaintiffs cannot maintain this action through them as representatives of "the class" within the meaning of Rule 23, Federal Rules of Civil Procedure, this Court concludes to the contrary. While it may be that the physical facilities of Jefferson County and the City of Birmingham are more elaborate and their operations more complex than many of the other jails in Alabama, this, without more, cannot serve to nullify the operation of that portion of the class action rule that authorizes representative defendants. See Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964). See also Potts v. Flax, 313 F.2d 284 (5th Cir. 1963); Sims v. Frink, 208 F.Supp. 431 (M.D. Ala. 1962). It would be extremely difficult, if not impossible, to find members of a class to serve as representative defendants in a case, such as this one, where there are not some material differences in the physical facilities and operations involved. But since the rule requires only that there be questions of law and fact common to these defendants and the members of the class which they represent—a requirement which, as indicated, is satisfied in this case—then it becomes immaterial whether certain of these class defendants are not otherwise identically situated. 3 Moore, Federal

---

**2.** In this connection, defendant Austin testified that the average length of time prisoners are incarcerated in the Birmingham City Jail is from seven to fifteen days.

Under such circumstances, it would be impossible for a prisoner to file and secure an adjudication on his case before he was released.

Practice, ¶ 23.10 at 3454 (2d Ed. 1963). See Harris v. Palm Springs Alpine Estates, Inc., supra (citing cases).[3]

### III.

■ The only defense offered to the contention that the statutes involved herein[4] violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States is that the practice of racial segregation in penal facilities is a matter of routine prison security and discipline and is, therefore, not within the scope of permissible inquiry by the courts. We disagree. Since Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), and the numerous cases implementing that decision, it is unmistakably clear that racial discrimination by governmental authorities in the use of public facilities cannot be tolerated. As stated by the Fifth Circuit in Singleton v. Board of Commissioners, supra:

> Twelve years ago, in Brown v. Board of Education of Topeka, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, the Supreme Court effectively foreclosed the question of whether a State may maintain racially segregated schools. The principle extends to all institutions controlled or operated by the State. "[I]t is no longer open to question that a State may not constitutionally require segregation of public facilities." Johnson v. State of Virginia, 1963, 373 U.S. 61, 62, 83 S.Ct. 1053, 10 L.Ed.2d 195. 356 F.2d at 772.

■ Although it is true that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system,"[5] it is well established that prisoners do not lose all their constitutional rights and that the Due Process and Equal Protection Clauses of the Fourteenth Amendment follow them into prison and protect them there from unconstitutional action on the part of prison authorities carried out under color of state law. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1965); Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942); Sewell v. Pegelow, 291 F.2d 196 (4th Cir. 1961); Pierce v. La Vallee, 293 F.2d 233 (2d Cir. 1961), and Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 295 F.2d 171 (1961). In this regard, this Court can conceive of no consideration of prison security or discipline which will sustain the constitutionality of state statutes that on their face require complete and permanent segregation of the races in all the Alabama penal facilities. We recognize that there is merit in the contention that in some isolated instances[6] prison security and discipline necessitates segregation of the races for a limited period. However, recognition of such instances does nothing to bolster the statutes or the general practice that requires or permits prison or jail officials to separate the races arbitrarily. Such statutes and practices must be de-

3. On this point this Court has serious misgivings as to the right of either the defendant Austin or the defendant Bailey to raise this particular question in this case. It appears that such a defense would, if valid, enure only to the benefit of other members of "the class" that these defendants are alleged to represent. The contention on the part of these defendants that, if they are not proper representatives of the other members of the class, venue in this district is improper as to them is without legal basis. Title 28, § 1392(a), United States Code.

4. The Alabama statutes that require segregation of the races in the prisons and jails of Alabama are §§ 4, 52, 121, 122, 123, 172 and 183 of Title 45, Code of Alabama, Recompiled 1958.

5. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

6. For example, the "tank" used in the City of Birmingham and other large municipal jails where intoxicated persons are placed upon their initial incarceration and kept until they become sober. According to the evidence in this case, the population of the "tank" on Saturday nights in the Birmingham jail reaches fifty or more.

clared unconstitutional in light of the clear principles controlling.

■ Plaintiffs' contention that the separation of prisoners solely on the basis of race constitutes a violation of the "Cruel and Unusual" Punishment Clause of the Eighth Amendment to the Constitution of the United States is plainly without merit. There is no question but that, through the action of the Fourteenth Amendment, the Eighth applies to the states, Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). However, the Cruel and Unusual Punishment Clause of the Eighth Amendment was adopted to prevent inhuman, barbarous or torturous punishment, Black v. United States, 269 F.2d 38 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960); Hemans v. United States, 163 F.2d 228 (6th Cir.), cert. denied, 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380 (1947); and segregation of individuals, while incarcerated, solely by reason of their race does not, in the opinion of this Court, constitute cruel and unusual punishment.

### IV.

The operation of penal institutions, whether it be on a state-wide or local level, is a highly specialized endeavor, and the sober judgment of experienced correctional personnel, such as Frank Lee as Commissioner of the Board of Corrections for the State of Alabama and A. Melvin Bailey as sheriff of Jefferson County, Alabama, deserves the most careful consideration of this Court. In this connection, it is recognized that "[t]he association between men in correctional institutions is closer and more fraught with physical danger and psychological pressures than is almost any other kind of association between human beings," Edwards v. Sard, 250 F.Supp. 977 (D.C. Dist. 1966), and in light of this recognition this Court will not at this time require an immediate and total desegregation of state, county and city penal facilities in the State of Alabama. However, the several honor farms, the educational programs, the youth centers and the hos-

pitals in the state system must be completely desegregated immediately. All facilities in the minimum and medium security institutions, including Draper Correctional Center and Julia Tutwiler Prison for Women, must be completely desegregated within six months. As to the maximum security institutions, such as Kilby Prison and Atmore Prison, the evidence reflects that considerations of security and discipline require a more gradual desegregation. In this connection, the Court will expect complete and total desegregation of all state penal facilities, including the maximum security institutions, within a period of one year. As to the county and city systems, complete desegregation should be achieved within six months in all areas, including quarters, except in very exceptional instances as, for example, in the use of the "tank" mentioned previously.

No plan of desegregation will be required of any of these defendants. However, since it is the function and duty of the Board of Corrections for the State of Alabama, and particularly the Commissioner thereof, pursuant to Code of Ala., Tit. 45, §§ 3, 7, 10(1), 10(5), 10(8) and 11, to inspect and generally supervise every county and municipal jail or prison in any incorporated town and city in the State of Alabama having ten thousand or more population, this Court will require the Commissioner of the Board of Corrections to supervise not only the desegregation of state penal facilities as herein ordered, but also the desegregation of the jails in the counties throughout the State of Alabama and in all towns and cities throughout the state. The Commissioner of the Board of Corrections will be required to report to this Court every three months beginning March 15, 1967, concerning the steps being taken and the progress being made in the state penal institutions and the county and city jails, and other penal facilities throughout the State of Alabama.

■ In view of the declarations herein made concerning the unconstitution-

ality of the state statutes in question to the extent that those statutes require segregation of the races solely by reason of their color, and with the further declarations as to the unconstitutionality of the practice of segregating prisoners in any of the state, county or city penal facilities solely by reason of race, and the declarations concerning the duty of appropriate officials to take the necessary steps within the periods herein indicated, this Court does not consider it necessary to issue a formal injunction in this case at this particular time. However, there should be no misunderstanding on the part of any of the officials involved concerning the duty imposed upon them by the law generally and by this order specifically to cease the practice of arbitrarily segregating the races in the state, county and city penal facilities. The officials of the State of Alabama, whether they be concerned with the state penal facilities or the county and city penal facilities, have an affirmative duty and responsibility to effect desegregation of these facilities in accordance with this decree. Jurisdiction of the case will be specifically retained for all purposes.

 It is, therefore, the order, judgment and decree of this Court that §§ 4, 52, 121, 122, 123, 172 and 183 of Title 45, Code of Alabama, Recompiled 1958, be and are, in each instance, declared violative of the Fourteenth Amendment to the Constitution of the United States to the extent that said statutes require segregation of the races in the prisons and jails of Alabama.

It is further ordered that the defendant Frank Lee as Commissioner of the Board of Corrections for the State of Alabama, his successors in office, agents, servants and employees, take the necessary and appropriate steps to desegregate immediately the several honor farms, the educational programs, the youth centers and the hospitals in the state penal system; that said officials take the necessary and appropriate steps to effect complete desegregation of the minimum and medium security institutions, as operated by the state penal system, within six months from the date of this decree; that said officials take the necessary and appropriate steps to effect complete desegregation of all other state penal facilities, including the maximum security institutions, within a period of one year from the date of this decree.

It is further ordered that the defendant A. Melvin Bailey as sheriff of Jefferson County, Alabama, and each sheriff of each county in the State of Alabama, their successors in office, agents, servants and employees, take the necessary and appropriate steps to completely desegregate the county jails and any other penal facilities and operations that may be maintained by any such county, within a period of six months from the date of this decree.

It is further ordered that the defendant Robert K. Austin as warden of the City Jail of Birmingham, Alabama, and each warden in each town and city in the State of Alabama, their successors in office, agents, servants and employees, take the necessary and appropriate steps to completely desegregate the town and city jails, and any other penal facilities and operations that may be maintained by any such town or city, within a period of six months from the date of this decree.

It is further ordered that the Commissioner of the Board of Corrections for the State of Alabama, his successors in office and agents designated by said Commissioner, supervise the racial desegregation of every county and municipal jail or prison in the State of Alabama and report to this Court every three months beginning March 15, 1967, concerning the steps being taken and the progress being made in the state penal institutions and in the county and city jails and other penal facilities throughout the State of Alabama.

It is further ordered that each sheriff and each warden in the counties, cities and towns in the State of Alabama furnish the Commissioner of the Board of Corrections for the State of Alabama such reports and information that may be

required by said Commissioner in the discharge of his duty to report to this Court.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the defendants, but the Court is of the opinion that the State of Alabama should pay the costs for the defendants.