**The BOARD OF MANAGERS OF the ARKANSAS TRAINING SCHOOL FOR BOYS AT WRIGHTSVILLE et al., Appellants,**

v.

**Mrs. Nona Mae GEORGE et al., Appellees.**

**No. 18536.**

United States Court of Appeals Eighth Circuit.

May 23, 1967.

Rehearing Denied June 21, 1967.

Jack L. Lessenberry, Sp.Asst. Atty. Gen., Little Rock, Ark., for appellants; Bruce Bennett, Atty. Gen., Fletcher Jackson and H. Clay Robinson, Asst. Attys. Gen., Little Rock, Ark., were on the brief.

Sheila Rush Jones, NAACP Legal Defense & Educational Fund, Inc., New York City, for appellees; Jack Greenberg, James M. Nabrit, III, Michael Meltsner, New York City, and John Walker, Little Rock, Ark., on the brief.

Franklin E. White, Atty., Civil Rights Div., Washington, D. C., for the United States as amicus curiae and John Doar, Asst. Atty. Gen., David L. Norman, Atty., Washington, D. C. and also Robert D. Smith, Jr., U. S. Atty., Little Rock, Ark., on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

This action comes to us as an interlocutory appeal under Tit. 28 U.S.C. § 1292 (b), from an order overruling appellants' motion to dismiss. The district court granted the appeal since our decision may advance the ultimate termination of the litigation. We granted leave to file the appeal and have heard oral arguments from the respective parties.

Plaintiffs, Mrs. Nona Mae George and her minor son, Roy Lee Lewis, are Negro citizens who reside in Gould, Lincoln County, Arkansas. The complainants seek relief under the Civil Rights Statutes, 28 U.S.C. § 1981 and § 1983. The suit was brought as a class action for all persons similarly situated pursuant to Fed.R.Civ.P. 23(a) (3). An interlocutory and permanent injunction under Tit. 28 U.S.C. § 1343(3) and (4) is sought against the respective Board of Managers of the Arkansas Training School for Boys at Wrightsville and at Pine Bluff from the maintenance of a separate "training" school for white and Negro juveniles. Similarly, an injunction is

sought against Lincoln County, Juvenile Court Judge, E. G. Brockman and all other "juvenile court" judges similarly situated from assigning or sentencing minor Negro juveniles to the Training School at Wrightsville on the basis of race or color.

The two training schools, Wrightsville, known as the Negro Boys Industrial School, and Pine Bluff, known as the White Boys School, are set up and operated pursuant to § 46–301–360 of the Arkansas Statutes Annotated. Relevant portions of the Arkansas Statutes [1] read as follows:

Section 301:

"*Names of training schools.*—Hereafter, (a) the Arkansas Boys' Training School shall be known as the 'Arkansas Training School for Boys at Pine Bluff,' (b) the Negro Boys' Industrial School shall be known as the '"Arkansas Training Schools for Boys at Wrightsville,' * * *"

Section 305:

"*Nature of institution.*—It is hereby declared to be the purpose of this Act [§§ 46–305—46–318] that here-after the Boys' Industrial School of the State of Arkansas [Arkansas Training School for Boys at Pine Bluff] be deemed a training and educational institution, and shall be entitled to all the rights and privileges of any other accredited educational institution of this state. It is further the purpose of this Act to declare that the Boys' Industrial School [Arkansas Training School for Boys at Pine Bluff] is not, and shall not be a part of the penal system of this State, nor shall it be construed as a penal institution."

Section 306:

"*Commitment of delinquent boys.*—Any white male child under 18 years of age who has or shall be legally adjudged to be a delinquent or neglected

juvenile as defined by law may be committed to the Boys' Industrial School [Arkansas Training School for Boys at Pine Bluff] by any juvenile or circuit court having jurisdiction over said juvenile. The order of commitment shall be for an indefinite period but in no case shall a child be retained in the School after he reaches majority."

Section 321:

"*Nature of institution.*—It is hereby declared to be the purpose of this Act [§§ 46–321, 46–326—46–329] that hereafter the Negro Boys' Industrial School of the State of Arkansas [Arkansas Training School for Boys at Wrightsville] be deemed a training and educational institution, and shall be entitled to all the rights and privileges of any other accredited educational institution of this State. It is further the purpose of this act to declare that the Negro Boys' Industrial School [Arkansas Training School for Boys at Wrightsville] is not, and shall not be a part of the penal system of this State, nor shall it be construed as a penal institution."

Section 330:

"*Commitment by juvenile or circuit court.*—Any colored male child under eighteen (18) years of age who has or shall be legally adjudged to be a delinquent or dependent juvenile as defined by law may be committed to the Negro Boys' Industrial School [Arkansas Training School for Boys at Wrightsville] by any juvenile or circuit court having jurisdiction over said juvenile. The order of commitment shall be for an indefinite period but in no case shall a child be retained at the School after he reaches majority. However, only such dependent children may be committed to said

1. Arkansas likewise maintains a similar segregated system of training schools for girls, one known as the Training School for Girls at Alexander for white girls, and the other is Fargo Training School for Negro girls. Ark.Stats.Anno. §§ 46– 366 to 46–385. Although we have no jurisdiction over the girls' facilities under §§ 46–366 to 46–385, it is similarly obvious that these provisions do not conform to constitutional standards.

School as in the opinion of the court cannot be placed in a good home."

Commitment to one school or another is limited to adjudication of a juvenile being "dependent or delinquent." Plaintiffs allege that Roy Lee Lewis was adjudged by Judge Brockman to be delinquent and was sent to the "Negro Boys School." The commitment was pursuant to "the state law" above set forth.

It is alleged that plaintiffs have been deprived of their equal right to equal treatment, privileges and opportunities by the State of Arkansas solely because of their race or color; it is alleged these rights are in violation of the due process and equal protection clauses of the Fourteenth Amendment.[2]

Appellants assert that the statutes of Arkansas cannot be properly attacked in the present proceeding since (1) they are not pleaded or specifically attacked in plaintiffs' complaint, and (2) they cannot be declared unconstitutional without involving a three-judge court under Tit. 28 U.S.C. § 2281.

Rule 8(f) Fed.R.Civ.P. requires us to construe "[a]ll pleadings * * * to do substantial justice." The complaint alleges that the Arkansas juvenile judges have acted pursuant to "state law." The complaint thus necessarily incorporates the statutes by reference. Likewise, the motion to dismiss raises the validity of the statutes since appellants rely on the statutes in their brief to support their motion. Cf. Bynum v. Schiro, E.D.La., 219 F.Supp. 204. It would clearly be a "contradiction of reason" to attempt to enjoin the state from enforcement of a statute and at the same time not pass upon the constitutionality of the statute. Cf. United States ex rel. McNeill v. Tarumianz, 3 Cir., 242 F.2d 191. Moreover it is not necessary to attack statutes by specific pleading which on their face are unconstitutional. Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762.

We are also mindful that the present appeal comes to us on a motion to dismiss with a limited record. Appellant has not even filed its answer. We adhere to the proposition that it would be improper to consider "grave constitutional questions" where there exists "reasonable likelihood" that further proceedings could help clarify the issues. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, at 213, 55 S.Ct. 187, 79 L. Ed. 281. However, in the present proceeding no further pleadings or evidence is necessary for "refinement or clarification of issues." United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877; United States v. Fabro, Inc., M. D.Ga., 206 F.Supp. 523. And we should dispose of all controversies "as expeditiously as is consistent with proper judicial administration." Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762.

Section 2281 requiring a three-judge court is not mandatory where the statute invokes clear governmental discrimination. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. Segregation of public institutions or facilities is no longer a substantial constitutional question. United States v. Guest, 383 U.S. 745, see n. 6 at 754, 86 S. Ct. 1170, 16 L.Ed.2d 239; Johnson v. State of Virginia, 373 U.S. 61, 83 S.Ct. 1053, 10 L.Ed.2d 195.

However, it is initially urged that appellees have not stated a claim for relief since the Arkansas training schools are not "educational" but "penal" institutions, and therefore the "policy" of fed-

---

2. Plaintiffs likewise allege:
 "The Arkansas Boy's Training School at Pine Bluff operated for white delinquent or dependent juveniles offers and afford grossly superior facilities, rehabilitation programs, opportunities, etc., to those offered and afforded at the Negro Boys' Training School.

"The Arkansas Legislature appropriates far greater amounts of money, on a per pupil basis, for the operation of the white Boy's Training School than it does for the Negro Boy's Training School."

eral court non-interference with "penal" institutions should be applied.

 Although we do not base our decision upon a determination that these training schools are educational institutions, we only comment that it is the legislative declaration of the Arkansas people that these schools are not to be considered as "penal" in nature. Ark.Stats. Anno. §§ 46–305, 46–321.[3] By legislative fiat these schools are an integral part of the educational system in the State of Arkansas. Their responsibilities are equal to any other public institutions of learning in educating young people to assume useful roles in society. " * * * [I]n the field of public education the doctrine of 'separate but equal' has no place. Separate educational facilities are inherently unequal." Brown v. Board of Education, 347 U.S. 483, at 495, 74 S.Ct. 686, at 692, 98 L.Ed. 873.

 However, to adopt the appellants' pernicious brand that these institutions are "penal" in nature leads nowhere. Penal institutions are public institutions and are not exempt from constitutional limitations. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030. Our holdings in Lee v. Tahash, 8 Cir., 352 F.2d 970, and Harris v. Settle, 8 Cir., 322 F.2d 908, do not authorize discrimination in violation of constitutional prohibitions.

Wholesale and arbitrary discrimination by state statutes is far removed from disciplinary administrative matters by prison officials.[4] As was stated in the recent decision of Washington v. Lee, M.D.Ala., 263 F.Supp. 327, at 331:

> " * * * In this regard, this Court can conceive of no consideration of prison security or discipline which will sustain the constitutionality of state statutes that on their face require complete and permanent segregation of the races in all the Alabama penal facilities. We recognize that there is merit in the contention that in some isolated instances prison security and discipline necessitates segregation of the races for a limited period. However,

3. Section 17 of Acts 1955, No. 398, p. 1032:

"It has been found and is declared by the General Assembly of the State of Arkansas that the Boys' Industrial School of this State is a training and educational institution for juveniles of this State; that the present law includes this School as a part of the penal system of this State; that such a continued status is detrimental to the welfare of the juveniles of this State; and, further, that such a status prohibits the School from receiving needed assistance from the Federal Government which it can obtain if classified and treated as an educational institution; and that this Act is necessary to alter and define the status of the Boys' Industrial School. Therefore, an emergency is declared to exist, and this Act being necessary for the preservation of the public peace, health and safety, it shall take effect and be in full force and effect from and after the date of its passage and approval."

Section 16 of Acts 1955, No. 400:

"It has been found and is declared by the General Assembly of the State of Arkansas that the Negro Boys' Industrial School of this State is a training and educational institution for juveniles of this State; that the present law includes this School as a part of the penal system of this State; that such a continued status is detrimental to the welfare of the juveniles of this State; and, further, that such a status prohibits this School from receiving needed assistance from the Federal Government which it can obtain if classified and treated as an educational institution; and that this Act is necessary to alter and define the status of the Negro Boys' Industrial School. Therefore, an emergency is declared to exist, and this act being necessary for the preservation of the public peace, health and safety, it shall take effect and be in full force and effect from and after the date of its passage and approval."

4. The Director of the United States Bureau of Prisons issued the following policy statement on February 7, 1966:

"The policy of non-discrimination and full integration in Bureau of Prisons institutions is clear and of long standing. The policy applies to all aspects of institutional management relating to inmates and personnel." Bulletin 1001.1, Bur. of Prisons.

recognition of such instances does nothing to bolster the statutes or the general practice that requires or permits prison or jail officials to separate the races arbitrarily. Such statutes and practices must be declared unconstitutional in light of the clear principles controlling." [5]

See, also, Singleton v. Board of Comms. of State Institutions, 5 Cir., 356 F.2d 771; Bolden v. Pegelow, 4 Cir., 329 F.2d 95; Dixon v. Duncan, E.D.Va., 218 F. Supp. 157; Ferguson v. Buchanan, S.D. Fla., 10 R.R.L.R. 795 (1965). See also, Edwards v. Sard, D.D.C., 250 F.Supp. 977.

 To the extent that §§ 46-301–46-360 of the Arkansas statutes require segregation of juveniles to white schools or colored schools, based solely upon the race of the individual involved, the statutes are clearly unconstitutional; to the extent that the statutes require commitment to segregated facilities, they are clearly unconstitutional; to the extent that the statutes require maintenance of segregated facilities they are clearly unconstitutional. No injunction need issue to an individual judge,[6] board manager or any person in light of our holding at the present time. The statutes are not void in their entirety and commitment of juveniles for dependency and delinquency may still be enforced thereunder. However, under no circumstance should race become a determinative factor in assignment. All children, white or colored, must be assigned to either school *in accordance with any approved plan of desegregation.* The Board of Managers shall prepare a plan for desegregation of the facilities and present it to the district court for approval. Such plan should be filed within a reasonable time as set by the district court and should set forth a reasonable time within which said institutions will become completely desegregated. The trial court shall retain jurisdiction until the desegregation plans have been fulfilled.

Judgment is affirmed, the case is remanded for further proceedings in accordance with this opinion.

5. Maryland's training school statutes were "primarily geared * * * toward educational objectives rather than toward custody * * *." Segregation declared unconstitutional under Maryland law. Myers v. State Board of Public Welfare, et al., Md.1960, Cir.Ct. of Balt. City, 20 Md.L.Rev. 375 (1960), affirmed State Board of Public Works et al. v. Myers, 224 Md. 246, 167 A.2d 765. For an interesting discussion of the problems and solutions in integrating the Maryland training schools see, Manella, Racially Integrating A State's Training Schools, Children, March-April 1964 (pp. 49–54) (United States Government Printing Office, Washington, D. C.).

6. In Arkansas both County and Circuit Judges may make the commitment of any juvenile under the statutes. Even though Circuit Judges are not joined as a class, the invalidity of the statutes makes discussion of this problem moot.