Hedy MAJOR, individually and on behalf of her child, I. J. Major, Jr. and on behalf of all other persons similarly situated, Plaintiff,

v.

Louis SOWERS, individually, and in his capacity as Director of Institutions, Department of Institutions; Dallas B. Mattews, individually, and in his capacity as Superintendent of the State Industrial School for Colored Youth; A. L. Swanson, individually and in his capacity as Superintendent of the Louisiana Training Institute; Jack M. Pearce, individually and as Superintendent of the Louisiana State Industrial School for Girls, Defendants, Honorables Leo Blessing, James P. O'Connor and James Gulotta, Individually and in their capacity as Judges of the Juvenile Court, Parish of Orleans, City of New Orleans, State of Louisiana, Defendants.

Civ A. No. 69–543.

United States District Court
E. D. Louisiana,
New Orleans Division.

April 17, 1969.

See also D.C. 297 F.Supp. 664.

Luke Fontana, New Orleans, La., for plaintiff.

Harry H. Howard, Asst. Atty. Gen., for defendants.

Before AINSWORTH, Circuit Judge, and WEST and RUBIN, District Judges.

PER CURIAM:

In this class action, plaintiff asks the court to desegregate the Louisiana state youth correctional institutions and to declare the state statutes that require racial segregation at these institutions unconstitutional.[1] Plaintiff originally sought the appointment of a three judge district court under 28 U.S.C. § 2281, but soon thereafter moved for its dissolution on the ground that the case presented no substantial constitutional question. Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152.

In Singleton v. Board of Commissioners of State Institutions, 5 Cir. 1966, 356 F.2d 771, a case in which the court was considering a suit to desegregate the Florida state reform schools, the Fifth Circuit Court of Appeals said:

"Twelve years ago, in Brown v. Board of Education of Topeka, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, the Supreme Court effectively foreclosed the question of whether a State may maintain racially segregated schools. The principle extends to all institutions controlled or operated by the State. '[I]t is no longer open to ques-

1. LSA–R.S. 15.911, 15:912, 15:972, 15:1011, 15:1012, 15:1031, 15:1032.

**1040**

tion that a State may not constitutionally require segregation of public facilities.' Johnson v. Virginia, 1963, 373 U.S. 61, 62, 83 S.Ct. 1053, 1054, 10 L.Ed.2d 195."

The Alabama statutes requiring segregation by race in all state prison facilities including youth correctional centers were declared unconstitutional and immediate desegregation of reform schools was ordered in Washington v. Lee, M.D. Ala.1966, 263 F.Supp. 327, in an opinion termed "unexceptionable" by the Supreme Court in its affirmance. 1968, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212. In Wilson v. Kelly, N.D.Ga., 1968, 294 F.Supp. 1005, similar Georgia statutes requiring racial segregation in prison facilities were declared unconstitutional. The Maryland statute requiring racial segregation in state training schools was held violative of the Fourteenth Amendment in 1961 in State Board of Public Welfare v. Myers, 224 Md. 246, 167 A.2d 765, 767. And, were more authority needed, the Eighth Circuit Court of Appeals held in Board of Managers of the Arkansas Training School for Boys at Wrightsville v. George, 8 Cir. 1967, 377 F.2d 228, 231, that invocation of a three judge court was not required to declare that the Arkansas statutes requiring racial segregation in the state's juvenile training schools were unconstitutional, saying:

> "Section 2281 requiring a three-judge court is not mandatory where the statute invokes clear governmental discrimination. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. Segregation of public institutions or facilities is no longer a substantial constitutional question. United States v. Guest, 383 U.S. 745, see n. 6 at 754, 86 S.Ct. 1170, 16 L.Ed.2d 239; Johnson v. State of Virginia, 373 U.S. 61, 83 S.Ct. 1053, 10 L.Ed.2d 195."

There being no substantial constitutional question, the three judge statutory court is hereby dissolved with the case returned to Judge Alvin B. Rubin, from whom the matter initiated, for further disposition.