**Charles McCLELLAND and Curtis E. Rowland, Appellees,**

v.

**Warden Maurice SIGLER, Appellant.**

**No. 71–1310.**

United States Court of Appeals, Eighth Circuit.

March 22, 1972.

Harold Mosher, Asst. Atty. Gen., Clarence A. H. Meyer, Atty. Gen. of Nebraska, Lincoln, Neb., for appellant.

Richard L. Schmeling, Lincoln, Neb., for appellees.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiffs Charles McClelland and Curtis E. Rowland, inmates of the Nebraska Penal and Correctional Complex, brought this Civil Rights action complaining of racial segregation at the Complex.

The record shows that all facilities at the complex, located at Lincoln, Nebraska, are integrated except the East Cell House of the general living quarters. Members of all racial groups are housed in the West Cell House of the general living quarters except those white inmates who object to living with blacks. These inmates, about 50 in all, are housed in the East Cell House,[1] in which there are no black prisoners. Living quarters at the East Cell House are better than at the West Cell House. Prison officials attempt to justify this limited segregation policy on the ground that it is needed to maintain order at the complex and that trouble would result if black inmates were housed with these white inmates. Blacks comprise approximately 26 per cent of the inmate population.

Judge Warren K. Urbom of the United States District Court for the District of Nebraska held a plenary hearing and granted relief. 327 F.Supp. 835 (D. Neb.1971). Judgment was stayed pending the State's appeal to this Court.

While we are reluctant to interfere with the operation of correctional institutions, both the Supreme Court's per curiam affirmance of Washington v. Lee, 263 F.Supp. 327 (N.D.Ala.1966) (three judge District Court), aff'd, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968) and our own decision in Board of Managers of Arkansas Training School for Boys at Wrightsville v. George, 377 F.2d 228 (8th Cir. 1967), compel an end to this official policy of racial segregation. If disruptions would occur as a result of the desegregation of this facility we would expect that the administrators would take appropriate action against the offending inmates, black or white. But to us, as to Judge Urbom, the image of the entire Nebraska penal system being held at bay by 50 prisoners is unacceptable, and the effect of the official policy, which is to reward them for their intransigent racial attitudes, cannot be legally sanctioned.

We think it is incumbent upon the officials in charge to make other provisions for housing those who would commit assaults or aggravations on other inmates, white or black, and thus only penalize those guilty of offending the personal and constitutional rights of others.

The State suggests in its brief that it now has certain administrative procedures which these plaintiffs could pursue to obtain the relief they seek. However, a Federal Civil Rights Action does not require the exhaustion of administrative remedies, Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

We affirm on the basis of Judge Urbom's well reasoned opinion.

---

1. The East Cell House contains facilities for 336 inmates and on November 20, 1970 was occupied by 245 inmates. On that same date the West Cell House, which has facilities for 234 inmates, was occupied by 197 inmates.