787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY WOODS, Plaintiff-Appellant,
v.
COMMISSIONER WILLIAM H. LONG, ET AL., Defendants-Appellees.
 83-5826
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: JONES and WELLFORD, Circuit Judges, and GILMORE District Judge.*
 
 
 3
 This pro se Tennessee state prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The district court dismissed the complaint for being frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Seeking monetary, declaratory and injunctive relief, plaintiff sued various Tennessee State prison officials for unfairly disciplining him on three occasions after he refused to be assigned to a prison cell with a black inmate. Plaintiff explained that he has a deep-seated prejudice against blacks and that he cannot be held responsible for his actions if he is placed in a cell with a black man. Plaintiff stated that he was cruelly placed in lock-up for simply requesting a white cell-mate. For relief, plaintiff sought monetary and declaratory relief and an injunction to prohibit his harassment and further punishment and to permit voluntary racial segregation in Tennessee prisons.
 
 
 5
 Upon review of the cause, this Court concludes that plaintiff's suit was properly dismissed pursuant to 28 U.S.C. Sec. 1915(d). See Spruytte v. Walters, 753 F.2d 498, 500-01 (6th Cir. 1985), cert. denied, ---- U.S. ---- (January 13, 1986). The policy sought by the plaintiff permitting prison inmates to choose their cell-mate upon the basis of race would be unquestionably violative of the federal constitution. Lee v. Washington, 390 U.S. 333 (1968); Williams v. Treen, 671 F.2d 892, 902 (5th Cir. 1982), cert. denied, 459 U.S. 1126 (1983); Jones v. Diamond, 636 F.2d 1364, 1373 (5th Cir.), cert. dismissed, 453 U.S. 950 (1981); McClelland v. Sigler, 456 F.2d 1266 (8th Cir. 1972) (per curiam). Under the circumstances of this case, it is likewise clear that the plaintiff was properly disciplined because the plaintiff refused to comply with the prison's integrated housing policy for reasons which are themselves not legal. See Superintendent v. Hill, ---- U.S. ----, 105 S. Ct. 2768, 86 L.E.2d 356 (1985).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation