**In re Donald J. WILLY, Petitioner.**

No. 87–4607.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1987.

Michael A. Maness, Houston, Tex., for appellant.

Donald S. Shire, Sol., Dept. of Labor, Linda Jan S. Pack, counsel, Wendy B. Bader, Co–Counsel, Washington, D.C., J. Richard Hammett, G. Paris Sykes, Jr., Atlanta, Ga., Robert C. DeMoss, Houston, Tex., for appellee.

Before RUBIN, POLITZ, and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

As the Supreme Court has observed, "[a]ll our jurisprudence is strongly colored by the notion that appellate review should be postponed, except in certain narrowly defined circumstances, until after final judgment has been rendered by the trial court."[1] The final judgment rule is designed to allow litigation in trial courts to proceed without interruption for mediate recourse to appellate courts.

A corollary rule based on similar premises requires litigants to exhaust their administrative remedies before resorting to court. "No one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."[2] The primary purpose of the exhaustion requirement is to avoid premature interruption of the administrative process. It is usually desirable to let the agency develop the necessary factual background upon which decisions should be based. In addition, the exhaustion requirement gives the agency the first chance to exercise its discretion and to apply its expertise to the issue presented.[3] The exhaustion doctrine preserves the autonomy of the administrative agency and promotes judicial efficiency. The party who complains of an interlocutory ruling may ultimately prevail in the administrative process, thereby obviating the need for court intervention.[4] For these reasons we decline the petition to review an administrative agency's ruling that certain documents are not protected by the attorney-client privilege and ordering them to be produced.

Donald J. Willy, a Texas lawyer, was employed full-time as in-house environmental counsel by Coastal States Management Company, a subsidiary of Coastal Corporation, from May, 1981, until October, 1984, when he was fired. Willy promptly filed an administrative complaint[5] with the Wage and Hour Division of the Department of Labor, alleging in substance that he had been fired in violation of the employee-protection provisions of various federal environmental statutes, simply because of his efforts to insure that Coastal and its subsidiaries complied with state and federal environmental laws. Willy's complaint invoked the employee-protection provisions of the Clean Air Act;[6] the Comprehensive Environmental Response, Compensation, and Liability Act;[7] the Water Pollution Control Act;[8] the Safe Drinking Water Act;[9] the Solid Waste Disposal Act;[10] and the Toxic Substances Control Act.[11] Coastal immediately asserted in response that Willy had no cause of action because, by virtue of his status, he was not an "employee" within the meaning of the Acts, because the purely internal activity alleged by Willy was not protected by those

---

1. *Will v. United States,* 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967).

2. *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938)).

3. *Id.,* 395 U.S. at 193–94, 89 S.Ct. at 1662–63.

4. *Id.*

5. *See* 29 C.F.R. §§ 24.1–24.9 (1986).

6. 42 U.S.C. § 7622 (1982).

7. 42 U.S.C. § 9610 (1982).

8. 33 U.S.C. § 1367 (1982).

9. 42 U.S.C. § 300j–9(i) (1982).

10. 42 U.S.C. § 6971 (1982).

11. 15 U.S.C. § 2622 (1982).

Acts, and because the attorney-client privilege shielded his erstwhile client.

Following a preliminary investigation, the Area Director of the Department's Employee Standards Administration sustained the complaint and awarded reinstatement, back pay, and other relief. Coastal appealed this determination to the Department's Office of Administrative Law Judges, where the case was assigned to Administrative Law Judge Theodor von Brand. Before the ALJ, Willy sought discovery of numerous documents which Coastal asserts are privileged.

Among other documents Willy sought to discover were 25 categories of evidence relating specifically to Coastal's refining operations at its Belcher plant. Coastal refused to produce the requested documents, relying upon the attorney-client privilege and the rule against the discovery of work-product. Willy thereupon filed a motion for an order compelling production.

The ALJ sustained Coastal's position with respect to the last two of the 25 classes of documents sought but rejected the claims of privilege with respect to the remaining 23 categories and ordered the Belcher documents produced. Citing this court's decision in *Doe v. A Corporation,* [12] he specifically found that the Belcher documents "are central to the issues of this case. Without production of these documents Complainant is effectively barred from litigating this proceeding.... Balancing Complainant's right to vindicate his claim and Respondent's need for confidentiality, it is evident that the documents under consideration should be produced. Respondent's need for confidentiality, under these circumstances, should be safeguarded by appropriate Protective Orders and *In Camera* procedures."

Coastal declined to comply with the production order, as it necessarily must have done in order to preserve the issue for further review.[13] Willy then moved for sanctions, requesting that Coastal's appeal be dismissed, that the initial determination of liability be made the final order of the Secretary of Labor in the case, and that further proceedings be directed only to remedial measures and attorney's fees. Coastal opposed sanctions on a number of grounds, including particularly the contention that it was entitled to review of the privilege claim by an Article III court before the imposition of administrative sanctions.

The ALJ denied the extreme sanction of ruling against Coastal on the merits of Willy's claims but, instead, directed Willy to seek enforcement of his order from the United States District Court pursuant to the procedure prescribed by 29 C.F.R. § 18.29(b). The ALJ forestalled pursuit of that remedy, however, when he ruled one week later that Willy's claim should be dismissed because his complaint had not alleged that he was fired for communications with an outside governmental enforcement agency but rather that he was fired for purely internal compliance efforts involving only communications with his employer and its representatives. The ALJ concluded that this court's decision in *Brown & Root, Inc. v. Donovan,* [14] accorded whistle-blower protection only when the complainant relied on external contact with an instrumentality of government.

Interpreting the employee-protection provisions of the Energy Reorganization Act,[15] which are substantially identical to those of the environmental statutes involved in this case, this circuit in *Brown & Root* held the Act inapplicable to "employee conduct which does not involve the employee's contact or involvement with a competent organ of government." [16] That conclusion, however, has been rejected by the Tenth Cir-

**12.** 709 F.2d 1043 (5th Cir.1983).

**13.** *Cf. United States v. Sherlock,* 756 F.2d 1145 (5th Cir.1985); *United States v. Sweet,* 655 F.2d 54 (5th Cir. Unit B 1981); *United States v. First Am. Bank,* 649 F.2d 288 (5th Cir. Unit B 1981).

**14.** 747 F.2d 1029 (5th Cir.1984).

**15.** 42 U.S.C. § 5851(a) (1982).

**16.** 747 F.2d at 1036.

cuit,[17] the Ninth Circuit,[18] and the Second Circuit.[19]

Willy appealed the ALJ's recommended dismissal of his claim to the Secretary of Labor, and the ALJ stayed all other proceedings pending that appeal. The Secretary thereafter issued a decision in which he "respectfully declined" to follow *Brown & Root,* remanded the case for further proceedings, and directed that the case be decided, if necessary, on the basis that the statutes in question protected internal as well as external compliance activities despite this court's decision in *Brown & Root.* The Secretary also stated that Willy should be provided with an opportunity to allege that his firing was prompted by protected external communications with governmental agencies, even though Willy had not previously alleged any external activity whatsoever.

Following remand, Willy submitted a memorandum specifically alleging that his discharge was prompted by his communications with state and federal environmental agencies and that such communications were protected under the federal statutes implicated by this case. Thus, Willy now asserts a claim cognizable under *Brown & Root,* wholly apart from any question as to whether *Brown & Root* was correctly decided. The ALJ then again directed that Willy's counsel seek enforcement of the Belcher documents discovery order and judicial resolution of Coastal's defensive claims in the United States District Court.

Willy has concluded, however, that no statute confers jurisdiction upon the United States District Courts to review and enforce administrative discovery orders of the sort presented by this case. While the Secretary does not dispute this claim, Coastal states that, "at least some of these statutes may authorize a district court to consider the Petitioner's claim." If so, the claim might be presented to the district court, but, for the present, we assume, without deciding, that the provision of the regulation authorizing resort to the district courts is inapplicable [20] and that the district courts lack jurisdiction to resolve the privilege claims asserted by Coastal. On this basis Willy urges us to intervene under authority of the All Writs Act.[21] Coastal also urges us to resolve the dispute at this stage, and the Secretary urges us to stay our hand.

As Coastal points out and Willy recognizes, Coastal cannot with impunity produce the Belcher documents under protest, attempting thereby to protect its right to appellate review of the production order, for once the documents are disclosed, the harm Coastal seeks to prevent is done; appellate review cannot unmake the disclosure. Claims of privilege therefore can usually be appealed only after coercive contempt proceedings, in which a party resists compliance with an order, not out of obduracy or disrespect, but simply to test its legality in another forum.[22] As this court has pointed out, in ruling on a claim of testimonial privilege, "[O]nce the witness has complied with an order to testify he cannot thereafter retrieve the information involuntarily revealed, even if it subsequently develops that compelling the testimony violated constitutional rights. In such a predicament, the damage is irreparable. No remedies are available ... after the order has been unwillingly obeyed." [23]

17. *Kansas Gas & Electric Co. v. Brock,* 780 F.2d 1505, 1513 (10th Cir.1985), *cert. denied,* 476 U.S. ——, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986) (Justices White, Blackmun, and O'Connor dissenting from the denial of certiorari).

18. *Mackowiak v. University Nuclear Systems,* 735 F.2d 1159 (9th Cir.1984).

19. *Consolidated Edison v. Donovan,* 673 F.2d 61 (2d Cir.1982).

20. 29 C.F.R. § 18.29(b) (1986).

21. 28 U.S.C. § 1651 (1982).

22. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *cf. Johnson v. Virginia,* 373 U.S. 61, 83 S.Ct. 1053, 10 L.Ed.2d 195 (1963).

23. *United States v. Dickinson,* 465 F.2d 496, 512 (5th Cir.1972) (footnote omitted), *cert. denied,* 414 U.S. 979, 94 S.Ct. 270, 38 L.Ed.2d 223 (1973); *see also Hoffman v. United States,* 341 U.S. 479, 486–87, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951).

Willy and Coastal urge that it would be irrational for us to require Willy to go through the motions of losing the case because of his inability to obtain the Belcher documents before seeking review of the then final decision of the Department of Labor. Such a procedure, they contend, would be a meaningless ritual.

Our intervention at this time to resolve the discovery dispute would, however, interrupt the administrative process. Even when an issue raised before an administrative agency does not require application of the statute creating the agency or the exercise of administrative discretion, it is usually "more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages."[24] The applicable regulations provide that the Secretary of Labor shall issue a final order based on the record and the recommended decision of the ALJ.[25] In reviewing the record before issuing the final order, the Secretary routinely considers and resolves discovery issues raised by parties objecting to the ALJ's recommended decision.[26] Thus, the discovery dispute sought to be presented to this court would be considered by the Secretary in the usual course of proceedings. If the petitioner prevails before the ALJ or the Secretary, the discovery dispute may become irrelevant. If the petitioner loses and appeals from the final administrative order, this court may consider the entire case at one time, thus avoiding piecemeal review.[27]

Willy has not shown the extraordinary circumstances and the likelihood of irreparable injury required for a judicial interruption of the orderly flow of administrative proceedings.[28] With Coastal's assistance, he seeks immediate resolution of a routine discovery dispute. Orders denying or directing discovery are interlocutory and so not appealable except as part of the final decision disposing of the case on the merits.[29] Willy's asserted need for the documents that are the subject of the discovery dispute does not constitute irreparable injury of the kind required to interrupt an administrative proceeding.[30] Coastal is not a petitioner, and, while it urges us to grant Willy's petition as a matter of justice and efficiency in litigation, it has neither asserted nor shown that it faces a drastic sanction such as judgment of default. It therefore has not shown that its claim of privilege requires immediate, interlocutory review.[31]

Mandamus cannot be used as a substitute for appeal even when hardship may result from delay or from an unnecessary trial.[32] Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases.[33] A party seeking mandamus must show that no other adequate means exist to attain the requested relief and that his right to the issuance of the writ is "clear and indisputable."[34]

Willy asserts that eventually he will appeal to this court and that our failure to decide the discovery dispute will needlessly place the ALJ, the parties, and counsel in

**24.** *McKart,* 395 U.S. at 194, 89 S.Ct. at 1663.

**25.** 29 C.F.R. 24.6(b) (1986).

**26.** *See Stone v. Nu–Car Carriers, Inc.,* No. 86–STA–16 (Dep't Labor Feb. 2, 1987 and July 29, 1987); *English v. General Electric Co.,* No. 85–ERA–2 (Dep't Labor May 9, 1986 and Jan. 13, 1987).

**27.** *See Will,* 389 U.S. at 96, 88 S.Ct. at 274.

**28.** *See Lewis v. Reagan,* 660 F.2d 124, 128 (5th Cir.1981).

**29.** *In re Sessions,* 672 F.2d 564, 566 (5th Cir. 1982); *Honig v. E.I. DuPont de Nemours & Co.,* 404 F.2d 410 (5th Cir.1968).

**30.** *See Lewis,* 660 F.2d at 128–129.

**31.** *But see In re Burlington Northern, Inc.,* 822 F.2d 518, 522–23 (5th Cir.1987).

**32.** *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964).

**33.** *Kerr v. United States District Court,* 426 U.S. 394, 402–03, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976); *In re Davis,* 730 F.2d 176, 181 (5th Cir.1984).

**34.** *Kerr,* 426 U.S. at 403, 96 S.Ct. at 2124 (quoting *Banker's Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)).

the position of having to proceed with the trial of this case without Willy's having been given access to documents that the Judge has ruled he is entitled to have and that are essential to his case. Willy may, however, prevail on his claim that he communicated with government sources and may be able to do so without the Belcher documents; the Secretary may reverse the ALJ's discovery rulings; or it may indeed be that Coastal is correctly asserting the attorney-client privilege. Intervention at this time is therefore unnecessary.

For these reasons, the petition for mandamus is DENIED.