Ashok K. GARG

v.

James R. NARRON and Ebasco
Services, Inc.

Civ. A. No. G–88–292.

United States District Court,
S.D. Texas,
Galveston Division.

April 27, 1989.

Robert T. Rice, Angleton, Tex., for plaintiff.

Raymond L. Kalmans, Neel, Hooper & Kalmans, Houston, Tex., for defendants.

## ORDER

HUGH GIBSON, District Judge.

Defendant Ebasco Services is a subcontractor on the South Texas Nuclear Project. Plaintiff was a quality assurance engineer for Ebasco Services on that project. During the course and scope of his employment, the plaintiff reported to his supervisor, defendant Narron, that certain codes and regulations of the American Society of Mechanical Engineers (ASME) and the Nuclear Regulatory Commission (NRC) were being violated. Two days after he reported these violations, he was transferred to another department. Sometime thereafter, he was terminated. The plaintiff then filed suit in state district court on a wrongful discharge claim based upon the case of *Sabine Pilot Serv., Inc. v. Hauck.*[1]

The defendant removed the case on the basis that the *Sabine* claim was preempted by the Atomic Energy Act, 42 U.S.C. §§ 2011 and following, and the whistleblower provision of the Energy Reorganization Act, 42 U.S.C. § 5851(a).[2] The plaintiff moved to remand the case. The motion was denied by the magistrate. The plaintiff now moves the Court to reconsider the magistrate's order denying remand. If the Court affirms the magistrate's order, then the defendant moves the Court to dismiss the plaintiff's claim for his failure to exhaust his administrative remedies.

■ The Court begins its analysis with some fundamental concepts that should be common knowledge to the attorneys. First, this Court is located within the Fifth Circuit and, absent controlling or relevant decisions from the Supreme Court, is subject to the Fifth Circuit's interpretation of the law. If the Fifth Circuit has written on a particular matter, then only Fifth Circuit cases need be cited. All other circuit cases may and should be ignored.[3] The problem is that the plaintiff's brief engages in a verbose and needless 58–page recitation of the case law of other circuits, various law review articles, and state court appellate decisions. Both parties choose to ignore controlling Fifth Circuit authority.[4] Second, "the burden of establishing federal jurisdiction is placed upon the party seeking removal," and the removal statutes are strictly construed. *Willy v. Coastal Corp.,*

---

1. 687 S.W.2d 733 (Tex.1985). In *Sabine,* the Texas Supreme Court created a narrow public policy exception to the employment-at-will doctrine. The exception creates a cause of action for wrongful discharge if the basis of the discharge was that the employee refused to perform an illegal act. *Id.* at 735.

2. Section 5851(a) prohibits employer discrimination against an employee who has:
   (1) commenced ... a proceeding under this chapter or the Atomic Energy Act of 1954 [together referred to below as "the Acts"] ... or ... for the administration or enforcement of the requirements of ... [the Acts];
   (2) testified ... in any such proceeding or;
   (3) assisted or participated ... in any manner in such a proceeding or in any other action to carry out the purposes of ... [the Acts].

3. The Court does not mean to suggest that simply because the Fifth Circuit has addressed a particular subject that the parties should always ignore the law of other circuits. Quite the contrary, there are some situations where the facts of a case make the application of Fifth Circuit authority difficult to apply because the Fifth Circuit law is not directly on point. In those situations, if the parties felt that the Court would be unable to obtain the guidance that it needed or preferred, then clearly the parties would be justified in citing the law of other circuits. This case, however, does not meet this exception.

4. The plaintiff does not cite a Fifth Circuit decision until page 18 at footnote 41. Even then, the plaintiff's treatment of *Brown & Root, Inc. v. Donovan,* 747 F.2d 1029 (5th Cir.1984), is disjointed. The same case is again cited in footnote 61 and is given no serious consideration whatsoever. The defendant likewise mentions the *Brown & Root* decision, but then goes on to suggest that the case is not applicable. The parties should carefully reexamine the *Brown & Root* decision as it serves as part of the basis for destroying the subject-matter jurisdiction of this Court.

855 F.2d 1160, 1164 (5th Cir.1988). Furthermore, 28 U.S.C. § 1446(b) requires that a case be removed within thirty days after service. The problem here is that the defendants' petition for removal is defective because there is no indication as to when service occurred. The record suggests that service may have occurred on August 5, 1988. If so, then the defendant's attempt to remove this case on September 9 is untimely and improvident.

■ However, the Court need not rely on this point alone as a basis for remand. There are three other reasons. First, the fact that section 5851 creates a private federal remedy is not grounds for removal in this case. Section 5851(b) [5] expressly limits its remedy to an administrative claim with the Secretary of Labor.[6] Therefore, since this Court could not have exercised jurisdiction had the case been originally filed here, its flouts congressional intent to say that this Court has removal jurisdiction under a statute that limits the federal remedy to an administrative action. *Willy*, 855 F.2d at 1169.

■ Second, the fact that nuclear safety is entirely preempted by federal law [7] is not grounds for removal in this case. Section 5851 does not preempt the plaintiff's state law claim because state claims are not preempted unless they come within the scope of the federal cause of action. *Willy*, 855 F.2d at 1165. Based on the record before this Court, the plaintiff's conduct does not meet the requirements of section 5851(a).[8] The plaintiff's complaints to his supervisor were purely internal, wholly intracorporate complaints about quality control. There is no showing that the plaintiff contacted or was involved with a competent organ of government. Absent such a showing, wholly intracorporate activities that are the subject of a *Sabine* claim are outside the scope of the whistle-blower provisions of section 5851. *Willy*, 855 F.2d at 1160 n. 13. Accordingly, section 5851 is not implicated and cannot be used as a basis for removal. *See Brown & Root*, 747 F.2d 1029, 1036 (5th Cir.1984).

■ Finally, and more importantly, a "wrongful discharge claim is not one that 'arises under' federal law for purposes of section 1331." *Willy*, 855 F.2d at 1171. In order for a state claim to arise under federal law, vindication of the state right must turn on some construction of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Additionally, the federal issues must be in the forefront of the case rather than collateral in nature. *Willy*, 855 F.2d at 1171. The Texas common law doctrine enunciated in *Sabine* is intended to protect the rights of any employee who is fired for refusing to violate any law. *Sabine*, 687 S.W.2d at 735. It does not matter that the law that the employee would not violate is state or federal. *Willy*, 855 F.2d at 1171. It is likewise immaterial that the law involved nuclear safety or otherwise. *Id.* Under *Sabine*, the role of issues of federal law is more collateral than in the forefront. *Id.* Thus, there is no federal question jurisdiction that can be used as a basis for removal. Since the parties are not diverse, removal was improvident. *Id.* at 1171–72.

---

**5.** 42 U.S.C. § 5851(b) reads in pertinent part as follows:

Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within thirty days after such violation occurs, file ... a complaint with the Secretary of Labor ... alleging such discharge or discrimination.

**6.** Accordingly, there would be no right "to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *In re Willy*, 831 F.2d 545, 546 (5th Cir.1987) (quoting *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969).

The primary purpose for the exhaustion of administrative remedy requirement is to avoid the premature interruption of the administrative process. *In re Willy*, 831 F.2d at 546. Judicial efficiency is promoted when an agency is first permitted to develop the facts and apply its expertise to the issues presented. *Id.*

**7.** *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev. Comm'n*, 461 U.S. 190, 212, 103 S.Ct. 1713, 1726, 75 L.Ed.2d 752 (1983).

**8.** See *supra* note 2.

**1119**

It is, therefore, ORDERED, AD-JUDGED, and DECREED that the plaintiff's motion for reconsideration is GRANTED. The magistrate's order denying remand is VACATED. This case was improvidently removed and, therefore, is REMANDED to the 130th District Court of Matagorda County, Texas.

It is further ORDERED that the defendant's motion to dismiss is DENIED as moot. All other pending motions, if any, are DENIED.