IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20868
Summary Calendar
_____


ROBERT HEDRICK;
SHANNON M. HEDRICK, a minor child;
SEAN C. HEDRICK, a minor child,

                                        Plaintiffs-Appellants,

versus

PATSY L. HEDRICK; THOMAS V. GRIMES; DIANE RITCHEY ANDREWS;
LAURA SUSSEY HOUSE; STATE OF CALIFORNIA; SUPERIOR COURT OF
CALIFORNIA; COUNTY OF SAN DIEGO; THOMAS ASHWORTH, III, Judge;
ROB IRWIN; ANGELA DAMANTE CUNNINGHAM; SANDIE VIGILIA;
JERRY SANDERS; NANCY GOODRICH; ROBERT KRUMWEIDE; KEVIN MOYNA;
MIKE BONGIORNO; KYM BONGIORNO; M. PATRICIA CHAVEZ FALLON;
JAMIE VOSS; CHARTER BEHAVIORAL HEALTH SYSTEMS OF SAN DIEGO;
BEATRIZ HELLER, Ph.D.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1520
--------------------

September 20, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Robert Hedrick, individually and on behalf of his minor
children, Shannon M. Hedrick and Sean C. Hedrick, appeals the
district court's dismissal of his pro se civil rights complaint.
Hedrick's complaint alleges that the California Family Law Act is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional because it has re-established a state sponsored and court supported institution of slavery, that the courts, attorneys, and officials of the State of California have in fact placed his children into a form of slavery, and that the defendants conspired to violate numerous state and federal criminal laws and his First, Fourth, Sixth, Ninth, Thirteenth, and Fourteenth Amendment Rights. The district court determined that it lacked subject matter jurisdiction over Hedrick's claims based on the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Hedrick's argument that the district court erred in dismissing his complaint sua sponte for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine is without merit. Hedrick's complaint is an attempt to attack collaterally the validity of judgments rendered in an extended custody and divorce proceeding in a California State Court. Hedrick complaints arise from and are predicated on the merits of particular actions taken during the course of those state court proceedings and pursuant to the state custody order; they are "inextricably intertwined" with the state court proceedings. See Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986); Fed. R. Civ. P. 12(h)(3).

Hedrick's argument that the district court procedurally erred by dismissing his case before all the defendants were served, before it ruled on pending motions, and before he could

file additional motions is likewise without merit. See Willy v. Coastal Corp., 503 U.S. 131, 137 (1992)(holding that a final determination of lack of subject-matter jurisdiction of a case in a federal court precludes further adjudication of it).

The district court's judgment dismissing Hedrick's complaint for lack of subject matter jurisdiction is AFFIRMED.

Hedrick has filed motions to compel the joinder of Judge M.C. Superville, Jr.; Lamar County, Texas; the United States Department of Justice; the Attorney General of the United States; special counsel to represent the interest of the people; the Federal Bureau of Investigations; Pushmataha County, Oklahoma; Pushmataha County Assistant District Attorney James R. Wolfe; Juvenile Court Judge Doyle E. Plythe; Carter Coggburn from the Office of Juvenile Affairs; Attorney at Law Lowell Burgess; the City of Paris, Texas; and the City of Paris Texas Police Department as defendants or involuntary plaintiffs in this case. A litigant may not add new parties on appeal. Hedrick's motion is DENIED.

Hedrick has also filed a petition for a writ of mandamus. Hedrick has not shown that he has a "clear and indisputable" right to mandamus relief. See In re Willy, 831 F.2d 545, 549 (5th Cir. 1987). His petition is DENIED.

JUDGMENT AFFIRMED; MOTION TO COMPEL JOINDER OF NEW PARTIES DENIED; PETITION FOR A WRIT OF MANDAMUS DENIED