IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10321
c/w 01-10334
Conference Calendar
_____

IN RE: JOHN T. ESPINOZA,

Petitioner,

--------------------
Petition for Writ of Mandamus
to the United States District Court
for the Northern District of Texas
---------------------

No. 01-10334
_____

ACL COMPANY, LLC,

Plaintiff-Appellee

v.

JOHN T. ESPINOZA,

Defendant-Appellant.

------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-152
------------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John T. Espinoza seeks a writ of mandamus vacating the

district court's order remanding the case to the state court and

ordering the district court to conduct a trial of the matter.

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Espinoza is seeking the same relief in his appeal from the district court's order remanding the case to the state court. Because he has other adequate means to attain the requested relief, his petition for mandamus is DENIED. See In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).

Espinoza's petition for removal asserted that he was entitled to remove the case pursuant to 28 U.S.C. § 1443(1). Because the pleadings filed at the time the petition for removal was filed did not reflect that Espinoza was being deprived of his civil rights based on his race, the district court did not have subject matter jurisdiction pursuant to 28 U.S.C. § 1443(1). See Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

Nor did the pleadings reflect that the district court had jurisdiction pursuant to 28 U.S.C. § 1443(2) because the pleadings did not reflect that the state officials had violated any law providing for equal rights or that there was "a colorable conflict between state and federal law." Alonzo v. City of Corpus Christi, 68 F.3d 944, 946 (5th Cir. 1995). Therefore, the case was not properly removed to the federal court.

An order of removal is generally not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). However, 28 U.S.C. § 1447(d) provides an exception for "an order remanding a case to the State court from which it was removed pursuant to section 1443." Because the pleadings on file at the time of the removal did not meet the jurisdictional prerequisites of 28 U.S.C. § 1443, this court lacks jurisdiction to review the appeal. The appeal is

thus DISMISSED for lack of jurisdiction.  The petition for mandamus is DENIED.