United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10016
Conference Calendar

_____

CALVIN RAY HYDER,

Petitioner-Appellant,

versus

WILLIAM F. SANDERSON, JR.,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2145-G
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Calvin Ray Hyder, Texas prisoner #458495, moves for leave to

proceed in forma pauperis ("IFP") following the district court's

certification that his appeal from the dismissal as frivolous of

his 28 U.S.C. § 1651 petition for a writ of mandamus is not taken

in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP.

P. 24(a).  Hyder is correct that 28 U.S.C. § 1915(a) has no

application in mandamus proceedings involving underlying habeas

petitions.  See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1997).  Nevertheless, the district court's certification was permissible under FED. R. APP. P. 24(a).

Hyder has not demonstrated that the district court's certification was error.  He contends that the district court erred in dismissing his mandamus petition and in decertifying his IFP status because he is clearly entitled to habeas relief, renewing his claim that the Texas Attorney General was not authorized to respond to his 1991 habeas petition.  The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ is "clear and indisputable."  In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).  Mandamus is not a substitute for appeal.  Id.

Hyder has not shown a clear entitlement to habeas relief.  His appropriate remedy was to raise the instant argument on appeal from the denial of his 1991 habeas petition.  Hyder filed a motion for a certificate of probable cause in that case, but his motion was denied by this court.  See Hyder v. Johnson, No. 92-1908 (5th Cir. Oct. 28, 1992).  Hyder had adequate means of obtaining review of the district court's final judgment dismissing his 1991 habeas petition.  He is not entitled to mandamus relief simply because he pursued his appropriate remedy and failed to prevail.

Accordingly, IFP is DENIED. <u>See</u> FED. R. APP. P. 24(a).

The appeal is DISMISSED as frivolous. <u>See</u> 5TH CIR. R. 42.2;

<u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).

IFP DENIED; APPEAL DISMISSED.