**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 20, 2012

Lyle W. Cayce
Clerk

No. 11-50565
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY DEAN FULLER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-61-1

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Anthony Dean Fuller, Texas prisoner # 1256985, moves for leave to proceed in forma pauperis (IFP) to appeal the denial of his Federal Rule of Civil Procedure 60(b) motion. Fuller pleaded guilty to being a felon in possession of a firearm, and he was sentenced to 33 months in prison. In his Rule 60(b) motion, Fuller argued that his federal sentence should run concurrently with a state sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50565

By moving for IFP, Fuller is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202-03 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Probable success on the merits is not required. *Id.*

As federal courts are courts of limited jurisdiction, Fuller must have statutory authority for the filing of his motion. *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1998). Fuller's motion was not properly brought pursuant to Rule 60(b) as the Federal Rules of Civil Procedure do not apply to criminal cases. *See United States v. O'Keefe,* 169 F.3d 281, 289 (5th Cir.1999).

Although 18 U.S.C. § 3582(c) allows a district court to modify a sentence under certain narrow circumstances, none of those circumstances are applicable to Fuller's motion. *See* § 3582(c). Fuller also is precluded from obtaining relief under 18 U.S.C. § 3742, as relief thereunder is reserved only for direct appeals. *See* § 3742.

The district court could have construed the motion as arising under § 2255, but it did not do so, and any error by the district court is harmless. Fuller's challenge to his sentence is not cognizable in a § 2255 motion. *See United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994). Fuller's motion on it face was therefore unauthorized, and the district court was without jurisdiction to entertain it. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Fuller has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard*,707 F.2d at 219-20. Accordingly, Fuller's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, his appeal is dismissed. *See* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.