# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10699
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORRIS LYNN FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-74-1

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Norris Lynn Fisher, federal prisoner # 41251-177, filed in the district court a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) in which he raised challenges to his convictions and sentences for conspiring to commit mail fraud and three counts of committing mail fraud. He also filed a motion for leave to amend his Rule 60(b)(6) motion and file a memorandum of law that exceeded 30 pages, a motion for leave to proceed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forma pauperis (IFP) in relation to his Rule 60(b)(6) motion, a motion to set aside almost three million dollars for his representation and appoint counsel in his criminal case to raise issues of racial bias and discrimination, and a motion to transfer his criminal proceedings to the Southern District of New York. Fisher now moves this court for leave to proceed IFP on appeal from the district court's order denying his motions.[1] By seeking leave to proceed IFP in this court, Fisher is challenging the district court's denial of leave to proceed IFP and certification that his appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A Rule 60(b) motion may not be used to collaterally attack a criminal judgment. *See United States v. Fuller*, 459 F. App'x 346, 346 (5th Cir. 2012). Fisher's motion was a meaningless, unauthorized motion that lacked any jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Because the district court lacked jurisdiction to consider Fisher's Rule 60(b) motion, it also lacked jurisdiction to consider motions he filed in relation to that motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Fisher's motion to set aside and for the appointment of counsel and Fisher's motion to transfer his case to the Southern District of New York contained challenges to Fisher's conviction and sentence and ultimately were filed in aid of seeking relief in the nature of a § 2255 motion. Because Fisher had not obtained authorization from this court to file a successive § 2255 motion, the district court lacked jurisdiction to consider the motions. *See* § 2255(h);

---

[1] In the same order that Fisher challenges on appeal, the district court denied Fisher's motion for authorization to file a successive 28 U.S.C. § 2255 motion and motion for leave to proceed IFP in relation to that motion. However, Fisher has not contested those decisions. Although this court liberally construes pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it requires arguments to be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (1993). By failing to identify error in the district court's basis for dismissing those motions, Fisher has abandoned any challenge he might have raised. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 17-10699

28 U.S.C. § 2244(b)(3)(A); *Key*, 205 F.3d at 774.  Fisher has appealed from the denial of meaningless, unauthorized motions.  *See Early*, 27 F.3d at 142.  He has not shown that he will raise a legal point on appeal that is arguable on its merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Fisher's motion for leave to proceed IFP is denied.  Fisher's appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Fisher's motions to file a supplemental brief, to supplement the record on appeal, and for the appointment of counsel to aid him on appeal are denied.

With his appeal, Fisher has filed a motion in the nature of a writ of mandamus asking this court to order the Federal Public Defender's Office for the Northern District of Texas, the United States Attorney's Office for the Northern District of Texas, the Federal Public Defender's Office for the Fifth Circuit, and United States District Judge Barbara Lynn to release information he requested under the Freedom of Information Act, and to order the Department of Justice and the Federal Bureau of Investigation to conduct an investigation.  Fisher's motion is denied as his claims do not warrant mandamus relief.  *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

Fisher also has moved for this court to vacate his sentence and order his release from prison.  He appears to be seeking to invoke original habeas corpus jurisdiction in this court pursuant to 28 U.S.C. § 2241.  Section 2241 does not grant federal courts of appeals jurisdiction to entertain an original petition for habeas corpus.  § 2241.  To the extent individual judges of this court may retain jurisdiction to entertain such a petition, *see Felker v. Turpin*, 518 U.S. 651, 660-61 & n.3 (1996), the members of this panel decline to do so.  Fisher's motion for this court to vacate his sentence and order his release from prison is denied.

Fisher is warned that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his convictions and sentences in this

court or any court subject to this court's jurisdiction will invite the imposition of sanctions, including dismissal, monetary sanctions, and possibly denial of access to the judicial system.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.