# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2022

Lyle W. Cayce
Clerk

No. 22-20078
Summary Calendar

Ricardo Enriquez Sanchez,

*Petitioner—Appellant*,

*versus*

United States Immigration Department,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2537

Before Haynes, Engelhardt, and Oldham, *Circuit Judges*.
Per Curiam:*

Ricardo Enriquez Sanchez, Texas prisoner # 1745089, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his petition construed by the district court as arising under 28 U.S.C. § 2241. The district court determined that Enriquez Sanchez raised claims challenging his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20078

removal proceedings and immigration detainer and dismissed his petition for lack of subject matter jurisdiction.

Enriquez Sanchez does not address the district court's reasons for dismissing the petition and certifying that his appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3). The failure by Enriquez Sanchez to address the district court's basis for dismissing his petition "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The instant appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

To the extent Enriquez Sanchez's motion contesting his immigration proceedings and criminal conviction can be construed as seeking mandamus relief, he fails to demonstrate that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) (internal quotation marks and citation omitted). He likewise fails to demonstrate that the interests of justice require appointment of counsel. *See Cooper v. Sheriff Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). As such, his motions are DENIED.