# United States Court of Appeals for the Fifth Circuit

---

No. 23-50360
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2024

Lyle W. Cayce
Clerk

ANTHONY NORMAN,

*Plaintiff—Appellant*,

*versus*

U.S. ATTORNEY GENERAL, *for the Western District of Texas*; KIM OGG, *District Attorney, Harris County*; GLENN HEGAR, *Texas Comptroller of Public Accounts*; SHARON KELLER, *Judge, Texas Court of Criminal Appeals*; MARY LOU KEEL, *Judge, Texas Court of Criminal Appeals*; BERT RICHARDSON, *Judge, Texas Court of Criminal Appeals*; KEVIN YEARY, *Judge, Texas Court of Criminal Appeals*; SCOTT WALKER, *Judge, Texas Court of Criminal Appeals*; JESSE F. MCCLURE, *Judge, Texas Court of Criminal Appeals*; BARBARA HERVEY, *Judge, Texas Court of Criminal Appeals*; MICHELLE SLAUGHTER, *Judge, Texas Court of Criminal Appeals*; DAVID NEWELL, *Judge, Texas Court of Criminal Appeals*; DEANA WILLIAMSON, *Clerk, Texas Court of Criminal Appeals*; NATHAN HECHT, *Chief Justice, Supreme Court of Texas*; JAMES D. BLACKLOCK, *Justice, Supreme Court of Texas*; DEBRA H. LEHRMANN, *Justice, Supreme Court of Texas*; JOHN P. DEVINE, *Justice, Supreme Court of Texas*; REBECA A. HUDDLE, *Justice, Supreme Court of Texas*; JANE NENNINGER BLAND, *Justice, Supreme Court of Texas*; JEFFREY S. BOYD, *Justice, Supreme Court of Texas*; J. BRETT BUSBY, *Justice, Supreme Court of Texas*; EVAN A. YOUNG, *Justice, Supreme Court of Texas*; BLAKE HAWTHORNE, *Clerk, Supreme Court of Texas*; CHRISTOPHER A. PRINE, *Clerk, Texas Fourteenth Court of Appeals*; JEFFERY D. KYLE, *Clerk, Texas Third Court of Appeals*; JOHN DOES, *All person(s) whom allegedly are or were employed in the Texas Court of Criminal Appeals under the guise of a "staff writ attorney" and not being officially*

*appointed as a Court Commissioner of the court from September 2012 to current*; LORI CHAMBERS GRAY, *Judge, 262nd District Court, Harris County, Texas*; TAMMY CHAPMAN, *Supervisor, Texas Department of Criminal Justice*; MARGARITA THOMAS, *Administrative Assistant, Texas Department of Criminal Justice*; MARIA S. CERVANTES, *Administrative Assistant, Texas Department of Criminal Justice*; MATTHEW BENDER AND COMPANY, INCORPORATED; *and* THOMPSON PROMETRIC, *also known as* WEST LAW,

*Defendants—Appellees.*

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-1024

———————————————————

Before ELROD, OLDHAM, and WILSON, *Circuit Judges.*

PER CURIAM:[*]

　　Anthony Norman, Texas prisoner # 01718789, appeals the district court's dismissal of his civil rights complaint against numerous defendants. In his complaint, Norman alleged that (1) the Texas Court of Criminal Appeals defendants and the Supreme Court of Texas defendants mishandled his various postconviction proceedings and other cases by failing to conduct those proceedings in accordance with the Texas Constitution and other Texas laws and rules such that his murder conviction has not been finalized under Texas law; (2) many of the defendants were engaged in a coordinated effort of racketeering activities to deny certain groups of citizens from accessing the courts; (3) the Texas Department of Criminal Justice (TDCJ) defendants were interfering with voting materials requested by Norman; (4) District Attorney Kim Ogg refused to produce exculpatory evidence

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

about Norman; (5) Texas Comptroller Glenn Hegar has been issuing paychecks to staff writ attorneys who were not lawful employees of the State of Texas; (6) Thompson Prometric and Matthew Bender and Company were disseminating Texas court decisions that were not official records; and (7) the United States Attorney for the Western District of Texas wrongfully failed to submit Norman's complaints of the other defendants' violations of federal law to a grand jury. The district court's dismissals were based on various grounds including lack of standing, various types of immunity, and failure to state a claim for relief. On appeal, Norman has filed a motion to expedite the appeal and a motion to strike one of the briefs filed by a specific group of defendants as untimely. We DENY both motions.

We conduct a *de novo* review of dismissals under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). Dismissal under Rule 12(b)(1) is proper when a claim is barred by a defendant's immunity or by a plaintiff's lack of standing. *See id.* at 184–85; *Crane v. Johnson*, 783 F.3d 244, 250–52 (5th Cir. 2015). Dismissal under Rule 12(b)(6) is proper if a complaint fails to set forth "sufficient facts to state a plausible claim for relief." *Smith*, 900 F.3d at 184.

Norman argues that the district court erred by invoking the *Rooker-Feldman* doctrine[1] to dismiss his claims that were based on his assertions that the state courts did not comply with the state constitution or state rules. Though Norman contends that he was not challenging the propriety of the state court decisions, the basis for his assertion that the state courts did not

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

issue any official decisions in his cases requires a review of the propriety of those decisions. Because he has not shown that the state decisions were void, the district court correctly determined that the *Rooker-Feldman* doctrine barred review of his claims directed at those state decisions. *See United States v. Shepherd*, 23 F.3d 923, 925 & n.5 (5th Cir. 1994).

As to the U.S. Attorney for the Western District of Texas, the district court denied Norman's request for mandamus relief because 18 U.S.C. § 3332—under which Norman alleged the U.S. Attorney should have presented his complaints to a grand jury—does not provide for a private right of action, such that Norman lacked standing to bring such a claim. Section 3332 states that an attorney for the United States who receives information concerning an alleged federal "offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation." § 3332(a). However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Norman has not shown that he has a clear and indisputable right to mandamus relief regarding his § 3332 claim. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

Contrary to Norman's arguments on appeal, the district court appropriately construed his requests—to stop the defendants from violating federal criminal laws and to compel them to perform certain non-discretionary acts—as seeking mandamus relief. Because the district court lacked mandamus authority over state entities, the court properly dismissed those requests. *See Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

The district court dismissed Norman's RICO claims because he failed to establish standing and did not set forth any valid claim. Norman's initial brief does not challenge the district court's dismissal of his RICO claims based on lack of standing, thereby abandoning that issue. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (noting that, though *pro se* briefs are afforded liberal construction, even *pro se* litigants must adequately brief arguments to preserve them). Though he attempts to salvage this omission by arguing in his reply brief that he alleged the denial of a property right for purposes of RICO standing, we generally disregard arguments raised for the first time in a reply brief. *See Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 528 n.5 (5th Cir. 2020).

Although Norman seeks to challenge the district court's dismissal of his claims against Presiding Judge Sharon Keller and Chief Justice Nathan Hecht based on absolute judicial immunity, he has not adequately briefed this issue either. *See Yohey*, 985 F.2d at 225. The district court correctly dismissed Norman's claims of interference with his right to vote against TDCJ personnel Maria Cervantez, Tammy Chapman, and Margarita Thomas because, as a convicted felon, Norman is ineligible to vote. Contrary to his assertions on appeal that his conviction is not yet final, Norman's murder conviction was affirmed on direct appeal.

Norman's challenges to the district court's dismissal of his claims against District Attorney Ogg and the defendants who were employed as clerks in various Texas courts and as staff writ attorneys are inadequately briefed because they are conclusory, and he does not provide any legal citations supporting his assertions. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Yohey*, 985 F.2d at 224–25. Similarly, his arguments that the defendants relied on state court decisions that were invalid are conclusory and frivolous.

AFFIRMED.