# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10836
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2025

Lyle W. Cayce
Clerk

John Alan Conroy,

*Plaintiff—Appellant*,

*versus*

United States Immigration and Customs Enforcement,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:24-CV-48

_____

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

John Alan Conroy, federal prisoner # 42054-177, previously pleaded guilty to production and receipt of child pornography and is serving an aggregate 405-month sentence. He has filed numerous unsuccessful challenges to these convictions, several of which have included assertions that a search of his trailer was rendered involuntary because Texas Rangers

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

threatened and coerced him during an interrogation and that counsel should have sought suppression of evidence based on the officials' improper actions. As a result of Conroy's repeated filings, we warned him that further frivolous or abusive filings could result in sanctions. *In re Conroy*, No. 17-10402 (5th Cir. May 31, 2017) (per curiam) (unpublished). When Conroy continued to pursue challenges to the validity of his conviction, we imposed a monetary sanction and warned him that further frivolous challenges to his convictions could result in additional and more severe sanctions. *United States v. Conroy*, No. 20-11164 (5th Cir. July 27, 2021) (unpublished). This sanction has now been paid.

Against this background, Conroy filed a petition for a writ of mandamus, asking the district court to compel Immigration and Customs Enforcement (ICE) to turn over a recording of an interrogation by the Texas Rangers that occurred prior to a search of his property and his convictions. The district court denied his petition, dismissed the action with prejudice, and denied his Federal Rule of Civil Procedure 59(e) motion for reconsideration. Conroy now seeks leave to proceed in forma pauperis (IFP) on appeal after the district court concluded that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (citation modified). "[I]ssuance of a writ of mandamus lies in large part within the discretion of the court." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc).

Before this court, Conroy contends that the district court misconstrued his mandamus petition as a challenge to his federal convictions and as a request that he personally obtain a copy of the recorded confession. He maintains that he was actually challenging the refusal of ICE to comply

with a *Touhy*[1] request by his attorney, who was appointed in state court civil proceedings. Counsel had asked that the Department of Homeland Security (DHS) either release the video to the state trial court judge for an in-camera review or grant counsel and a representative from the Texas Attorney General's Office access to search the ICE office in San Angelo, Texas, for the recorded confession. An attorney for DHS denied the request, stating that the recording was not in ICE custody and that ICE was not required to comply with a subpoena from a state judge.

Conroy has not shown that the agency's decision was arbitrary, capricious, or an abuse of discretion under the Administrative Procedure Act. 5 U.S.C. § 706(2)(A); *Hasie v. Office of Comptroller of Currency*, 633 F.3d 361, 365 (5th Cir. 2011). Although Conroy maintains that he had a right to the recording because he should have received it in discovery during his criminal proceedings, the *Touhy* request occurred during a state civil action, and he has not shown that ICE was required to provide the recording to the state court or to Conroy's attorney, even assuming it was in the agency's possession. *See Louisiana v. Sparks*, 978 F.2d 226, 234–36 (5th Cir. 1992); 6 C.F.R. § 5.48(a). To the extent that Conroy contends that the Texas Attorney General suggested that charges may be brought against officers who violated the law if the recording supported Conroy's allegations, he has no judicially cognizable interest in the prosecution of a third party. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Contrary to Conroy's assertions that he did not seek the recording for his own use, he proposed conditions in his mandamus petition for his viewing of the evidence in prison. Moreover, as the district court pointed out, although Conroy's mandamus petition is not a direct challenge to his

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

convictions and sentence, he maintains that the reason that he has been denied relief on his previous challenges is because he did not have documentary evidence supporting his claims of coercion. He may not raise claims that he already presented in a prior 28 U.S.C. § 2255 proceeding. *See* 28 U.S.C. § 2244(b)(1); *In re Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018).

Conroy has not shown that he has a nonfrivolous claim of a clear and indisputable right to issuance of a writ of mandamus. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987); *Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Given that Conroy's mandamus petition is an attempt to set the groundwork for yet another challenge to his federal convictions, we could impose a sanction in light of this court's prior warnings. However, as the district court pointed out, the state court essentially invited Conroy to file a federal action to compel ICE to provide the interrogation recording. In light of that invitation, we decline to impose sanctions at this time. Conroy is nevertheless WARNED that filing frivolous or repetitive challenges to his convictions or sentences or filing frivolous attempts to obtain evidence that will be used to challenge the validity of his convictions or sentences, in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. *See In re Lampton*, 667 F.3d 585, 590 (5th Cir. 2012).